11-1999-cr
U.S. v. Paucar

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of April, two thousand twelve.

Present:    CHESTER J. STRAUB,
            ROSEMARY S. POOLER,
                    *Circuit Judges,*
            EDWARD R. KORMAN,[*]
                    *District Judge.*

UNITED STATES OF AMERICA,

                    *Appellee*,

            -v.-                                            11-1999-cr

EDGAR PAUCAR

                    *Defendant-Appellant*.

Appearing for Appellant:    Edward S. Zas (of counsel) *for* Federal Defenders of New York, Inc., Appeals Bureau, New York, N.Y.

Appearing for Appellee:    Emily Berger, Soumya Dayananda, Assistant United States Attorneys (of counsel) *for* Loretta E. Lynch, United States Attorney, Eastern District of New York, Brooklyn, N.Y.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Townes, *J.*).

---

[*]The Honorable Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-appellant Edgar Paucar pleaded guilty to one count of illegal reentry in violation of 8 U.S.C. §§ 1326(a) & (b)(1) on October 26, 2010. On April 7, 2011, the district court sentenced Paucar, principally, to twenty-four months' imprisonment. Paucar now appeals that sentence. We assume the parties' familiarity with the procedural history, facts, and statement of issues for review.

We review a sentence for reasonableness under an abuse of discretion standard. *E.g.*, *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). This inquiry comprises two components, procedural and substantive. *Id.* As to procedure, "[a] district court commits procedural error where it fails to calculate the Guidelines range . . . , makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory." *Id.* at 190 (citations and internal quotation marks omitted). Respecting substantive review, an appellate court should "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Id.* at 189 (internal quotation marks omitted).

Paucar first argues that his sentence was procedurally unreasonable because the district judge ruled that Paucar's criminal history score under the U. S. Sentencing Guidelines ("U.S.S.G." or "Guidelines") "underrepresent[ed] the seriousness of [his] past criminal conduct," but did not follow the procedure under U.S.S.G. § 4A1.3(a)(4)(A) for imposing an upward criminal history departure. Paucar's trial counsel did not preserve this issue by objecting to the claimed error at the time of sentencing; we therefore review only for plain error. *See United States v. Verkhoglyad*, 516 F.3d 122, 128 (2d Cir. 2008).

Under the plain error standard, the appellant must demonstrate that: "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 130 S. Ct. 2159, 2164 (2010) (internal quotation marks omitted). Paucar cannot satisfy this standard because the asserted error did not affect his substantial rights. The district court increased Paucar's sentence based on 18 U.S.C. § 3553(a), and there is no indication in the record that the district court would have imposed a different sentence if it had calculated the adjusted Guidelines sentence before choosing to apply a non-Guidelines sentence.

Even if, as Paucar argues, the Guidelines sentence with the upward departure would have been several months below the non-Guidelines sentence the district court ultimately imposed, there is no indication that the district court would not or could not have imposed the twenty-four-month sentence it sought to impose based only on its consideration of the Section 3553(a) factors. Indeed, the district court made clear in its initial notice to Paucar that it contemplated a twenty-four month sentence, and that it might impose such a sentence based on either a Guidelines departure or a non-Guidelines sentence based on the factors listed in Section 3553(a). We therefore conclude that any procedural error by the district court did not affect Paucar's substantial rights and did not satisfy plain error review.

2

Paucar's claim of substantive reasonableness also fails. "[I]f the sentence is outside the Guidelines range, the [appellate] court may not apply a presumption of unreasonableness." *Gall v. United States*, 552 U.S. 38, 50 (2007). We "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* Here, although the district court sentenced Paucar to double the applicable Guidelines maximum, it did not abuse its discretion in doing so. The district court expressly considered Paucar's personal history and the fact that he had illegally reentered the United States almost immediately after being deported. *See United States v. Perez-Frias*, 636 F.3d 39, 43 (2d Cir. 2011) (per curiam) (concluding that the district court's decision not to impose a lower sentence for illegal reentry was supported, inter alia, by the defendant's "rapid reentry after deportation").

Paucar ignores the significant fact that the district court considered, under Section 3553(a)(1), Paucar's "history and characteristics, including the prior conviction." Paucar suggests that his criminal history was insufficient to support the non-Guidelines sentence because even if he had been convicted of the original charges, the increase in criminal history points would have resulted in a Guidelines range of eight to fourteen months—still significantly below the sentence he received. Paucar, however, ignores the fact that the conviction would *also* have subjected Paucar to a sixteen-level increase under U.S.S.G. § 2L1.2(b)(1)(A)(ii), which would have led to a Guidelines range of forty-six to fifty-seven months. The Sentencing Commission established the sixteen-level increase "based on the [its] 'determina[tion] that these increased offense levels are appropriate to reflect the serious nature of these offenses.'" *Perez-Frias*, 636 F.3d at 43 (quoting U.S.S.G. app. C). It was not unreasonable for the district court to take the conduct underlying Paucar's prior conviction in imposing a harsher sentence, *see id* at 43 (district court was justified in considering the seriousness of the defendant's prior conviction in declining to impose a lower sentence), and the twenty-four-month sentence imposed was not substantively unreasonable.

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3