12-1157-cr
United States v. Fagan

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of April, two thousand thirteen.

PRESENT: DENNIS JACOBS,
                              Chief Judge,
             ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
                              Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
        Plaintiff-Appellee,

        -v.-                                        12-1157-cr

YASHEEM FAGAN,
        Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - - -

FOR APPELLANT:          MARJORIE M. SMITH, Law Office of
                        Marjorie M. Smith, Brooklyn, NY.

FOR APPELLEE:           ELIZABETH S. RIKER for Richard
                        S. Hartunian, United States
                        Attorney, Northern District of
                        New York (Carla B. Freedman on
                        the brief), Syracuse, NY.

1

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Yasheem Fagan appeals from the judgment of the United States District Court for the Northern District of New York (Hurd, J.), sentencing him chiefly to 144 months in prison on his plea of guilty to conspiracy to distribute and possess with the intent to distribute more than 28 grams of cocaine base, in violation of 21 U.S.C. §§ 841, 846. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Fagan argues that his sentence is substantively unreasonable. The substantive reasonableness of a sentence is reviewed under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). "[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances. It is therefore difficult to find that a below-Guidelines sentence is unreasonable." United States v. Perez-Frias, 636 F.3d 39, 43 (2d Cir. 2011) (per curiam) (quotation marks and internal citation omitted).

Fagan's sentence of 144 months is nearly ten years *less* than the recommended Guidelines minimum with a career offender enhancement. It is not so "shockingly high, shockingly low, or otherwise unsupportable as a matter of law" that allowing it to stand would "damage the administration of justice." See United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009).

Finding no merit in the remaining arguments, the judgment is **AFFIRMED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

2