16-214-cr
United States v. Burke

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of January, two thousand seventeen.

PRESENT: REENA RAGGI,
DENNY CHIN,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                          No. 16-214-cr

KELLY BURKE,

*Defendant-Appellant*.

------------------------------------------------------------------------

FOR APPELLANT:            Molly K. Corbett, James Egan, Research & Writing Attorneys, Office of the Federal Public Defender, Albany, New York, *for* Lisa A. Peebles, Federal Public Defender, Office of the Federal Public Defender, Syracuse, New York.

FOR APPELLEE:             Rajit S. Dosanjh, Richard D. Belliss, Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 14, 2016, is AFFIRMED.

Defendant Kelly Burke was convicted in 2010 following his guilty plea to one count of receipt of child pornography, *see* 18 U.S.C. §§ 2252A(a)(2), 2256(8)(A), and sentenced to 66 months' imprisonment, a substantial variance from his 151-to-188-month Guidelines range. He now appeals from the statutory maximum sentence of 24 months' imprisonment imposed in 2016 following revocation of supervision. Burke, who admitted violating supervision by using alcohol and committing a new state crime—specifically, second degree menacing with a knife—contends that the 24-month sentence is substantively unreasonable. We review the substantive reasonableness of a sentence under a "particularly deferential" abuse-of-discretion standard, *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012); *see United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008),[1] which we will identify "only in exceptional cases where the [district] court's decision cannot be located within the range of permissible decisions," *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*) (internal quotation marks omitted), that is, where "the sentence imposed was shockingly high, shockingly

---

[1] Although Burke did not raise his substantive reasonableness challenge to the district court, we have not yet decided whether plain error review applies to such an unpreserved challenge. *See United States v. Thavaraja*, 740 F.3d 253, 258 n.4 (2d Cir. 2014). We need not here decide that question because, regardless of the standard of review, Burke's challenge fails on the merits.

2

low, or otherwise unsupportable as a matter of law," *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

As the district court here explained, the revocation for which Burke was sentenced to 24 months' imprisonment followed shortly after his admission to four supervised release violations over the previous year, which involved, *inter alia*, possession of pornography, unauthorized contact with young children, and proscribed alcohol consumption. On October 2, 2015, Burke was sentenced to time served for those violations, but cautioned that further violations would result in a prison sentence "maybe for the maximum time" the court could impose. G.A. 14. Only eleven days later, Burke committed the knife assault on his mother's boyfriend that resulted in his state conviction and the supervision charges here at issue. Under these circumstances, and upon review of the record, we reject Burke's contention that the district court exceeded its discretion in weighing the serious nature of the violation conduct, the significant betrayal of court trust, and the recency of the prior violation findings. *See* U.S.S.G. ch. 7, pt. A., introductory cmt. 3(b) ("[A]t revocation the court should sanction *primarily* the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." (emphasis added)); *accord United States v. Edwards*, 834 F.3d 180, 195 (2d Cir. 2016). Indeed, all these factors were strongly interrelated and supported the court's conclusion that Burke had violated the "promise and pledge" he had given the court on October 2 and demonstrated

3

himself to be a "continu[ing] risk" to his mother, her boyfriend, and the community at large.   App'x 101.

Burke argues that the district court failed to consider those 18 U.S.C. § 3553(a) factors more favorable to him, such as his "history and characteristics," *id.* § 3553(a)(1), and need for "medical care" for alcoholism, *id.* § 3553(a)(2)(D).   The record, however, belies the failure-of-consideration argument.   To the extent the district court did not assign these factors the mitigating weight urged by Burke, we identify no abuse of discretion.   *See United States v. Perez-Frias*, 636 F.3d 39, 42 (2d Cir. 2011) (stating that appeals court will not "second guess the weight (or lack thereof) that the [sentencing] judge accorded to a given factor" if the "ultimate sentence is reasonable" (internal quotation marks omitted)).

Burke also notes that his 24-month sentence for Grade C violations exceeds the recommended range for more serious Grade A violations.   This argument merits little discussion because where, as here, a court reasonably concludes that the breach of trust evident in supervision violations is so serious as to warrant an upward variance, it is not unreasonable to impose the maximum sentence specified in the statute.   *Cf. United States v. Verkhoglyad*, 516 F.3d at 132 (affirming 57 months' imprisonment, compared to 5- to 11-month recommended range, where betrayal of trust was "flagrant").   Indeed, that conclusion is reinforced here, where the challenged sentence follows a considerable variance from the Guidelines range applicable to Burke's original sentence and a variance from the Guidelines range applicable to his initial four admitted violations.   *See* U.S.S.G. § 7B1.4 cmt. n.4.   In sum, the district court had every reason to think Burke

4

had seriously and repeatedly violated any trust shown in him. The imposition of a 24-month sentence in these circumstances was not substantively unreasonable.

Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court