16-1336-cr
*United States v. Correa*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of May, two thousand seventeen.

PRESENT:    AMALYA L. KEARSE,
            JOSÉ A. CABRANES,
            DENNY CHIN,
                    *Circuit Judges.*

---

UNITED STATES OF AMERICA,

          *Appellee,*                                    16-1336-cr

          v.

XAVIER CORREA, AKA X,

          *Defendant-Appellant.*[1]

---

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | James M. Branden, Law Office of James M. Branden, New York, NY. |
| **FOR APPELLEE:** | Nicolas Landsman-Roos and Karl Metzner, Assistant United States Attorneys, *for* Joon H. Kim, Acting United States Attorney for the Southern District of New York, New York, NY. |

---

[1] The Clerk of Court is respectfully directed to amend the official caption to conform with the caption above.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-appellant Xavier Correa appeals from a judgment of conviction entered on March 21, 2016. Correa pleaded guilty to two counts of conspiracy to distribute and possess with intent to distribute crack cocaine and marijuana in violation of 21 U.S.C. § 846, and to discharging a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. §§ 924(c) and 2. Later, pursuant to a cooperation agreement, Correa also pleaded guilty to a single count of using and carrying a firearm during and in relation to controlled substances offenses, and causing the death of a person, in violation of 18 U.S.C. §§ 924(j) and 2. The District Court sentenced Correa to 220 months' imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Correa argues only that his sentence was substantively unreasonable. We review a district court's sentence under a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted). For claims of substantive unreasonableness, we consider "the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion," and we "will . . . set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Id.* at 189–90 (internal quotation marks omitted). Since in "the overwhelming majority of cases, a [Sentencing] Guidelines sentence will fall comfortably within" the range of permissible decisions, it is "difficult to find that a below-Guidelines sentence is unreasonable." *United States v. Perez-Frias*, 636 F.3d 39, 43 (2d Cir. 2011) (internal quotation marks omitted).

Here, we conclude that Correa's sentence was not substantively unreasonable. The District Court carefully considered the facts of the case and the information provided at sentencing, including Correa's cooperation and his criminal conduct. After conducting its analysis under the 18 U.S.C. § 3553(a) sentencing factors, it granted Correa a sentence that fell well below the applicable Guidelines range of life imprisonment and within the range of permissible decisions. That Correa wishes that the District Court had been even more lenient by giving more weight to his cooperation does not render his sentence substantively unreasonable. *See United States v. Fernandez*, 443 F.3d 19, 34 (2d Cir. 2006).

## CONCLUSION

We have reviewed all of the arguments raised by Correa on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the March 21, 2016 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk