16-2937-cr
United States v. Kanagbou

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of March, two thousand eighteen.

PRESENT:
    JOHN M. WALKER, JR.,
    PETER W. HALL,
    RAYMOND J. LOHIER, JR.,
        *Circuit Judges*.

-----------------------------------------------------------------------

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee*,

v.                                                     No. 16-2937-cr

HENRY KANAGBOU,
        *Defendant-Appellant*.

-----------------------------------------------------------------------

For Appellant:              ISRAEL ARANA, Coral Gables, Florida.

For Appellee:               RENA PAUL, Assistant United States Attorney, (David C. James, Assistant United States Attorney, *on the brief*), *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Vitaliano, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on August 23, 2016, is **AFFIRMED**.

Defendant Henry Kanagbou ("Kanagbou") was convicted after a five-day jury trial of conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841 and 846, and attempted possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841 and 846. The district court imposed a below Guidelines sentence of 36 months imprisonment to be followed by three years of supervised release. On appeal, Kanagbou raises principally two arguments. First, Kanagbou argues his sentence is procedurally and substantively unreasonable because the district court's sentencing decision is unsupported by reliable facts. He claims that the district court misunderstood his minor role in the conspiracy compared to his codefendant Harold Bowens's ("Bowens") major role. Second, Kanagbou contends that the Government improperly called Special Agent Edward Alahverdian ("Agent Alahverdian") of the Drug Enforcement Administration as an expert to bolster the credibility of its cooperating witness, Marlon Myers ("Myers").

We review sentencing determinations for both substantive and procedural reasonableness. *United States v. Cavera*, 550 F.3d 180, 189–90 (2d Cir. 2008) (en banc). Likewise, "[w]e review the district court's decision to admit or exclude expert testimony under a highly deferential abuse of discretion standard." *Zuchowicz v. United States*, 140 F.3d 381, 386 (2d Cir. 1998). In undertaking this review, we assume the parties' familiarity with the facts and the record of prior

2

proceedings, which we reference only as necessary to explain our decision to affirm the district court's decision.

## I.  Procedural and Substantive Unreasonableness

A sentence is procedurally unreasonable if the district court "fails to calculate the Guidelines range[,] . . . makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory."  *Cavera*, 550 F.3d at 190 (citation omitted).  A district court also errs procedurally if it "does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact."  *Id.*  "A sentence is substantively unreasonable if it 'cannot be located within the range of permissible decisions.'"  *United States v. Jenkins*, 854 F.3d 181, 187 (2d Cir. 2017) (quoting *Cavera*, 550 F.3d at 189).

Here, we find no procedural or substantive error in the district court's decision to impose a sentence well below that calculated under the Guidelines.   The district court correctly calculated Kanagbou's Guidelines range, treated the Guidelines as advisory, applied the Section 3553(a) factors, and arrived at a sentence that was amply supported by the record.   None of Kanagbou's arguments convince us otherwise.

Kanagbou argues that if Bowens had been tried with him, Myers may have identified Bowens as "Link."   Kanagbou therefore seems to suggest that his sentence may have been affected by the district court's misunderstanding of Bowens's role in the conspiracy.   There is no indication, however, that the district court underappreciated Bowens's role in the conspiracy. Myers did not identify the person he nicknamed "Link."   Furthermore, there is evidence demonstrating that "Link" and Bowens are not the same individual.   Special Agent James Holt testified about the information he gathered from the cellphones found in the possession of Myers,

3

Bowens, and Kanagbou and that Link and Bowens had different cell phone numbers. Agent Holt also identified an exhibit in which he compiled the phone calls exchanged between Kanagbou, Bowens, Dennis, Link, and Myers.

Further, there is no merit to Kanagbou's contention that factual discrepancies between the Government's pretrial submissions and Myers's testimony could have led the district court to confuse Kanagbou with Link. The Government and Myers both represented that Myers's first narcotics delivery involved Myers meeting Link and Kanagbou at a hotel in Queens, New York. Moreover, as noted above, the Government also offered evidence of calls exchanged between Link, Myers, Bowens, and Kanagbou that distinguished who was who.

There is also no merit to Kanagbou's contention that the district court was required to reconcile his 36-month sentence with Bowens's time-served sentence.[1] Section 3553(a) is concerned only with nationwide sentencing disparity among similarly situated defendants, not disparity among co-defendants. *See United States v. Frias*, 521 F.3d 229, 236 (2d Cir. 2008). In any event, Kanagbou and Bowens are not similarly situated. Kanagbou chose to proceed to trial, and Bowens elected to plead guilty.

Likewise, Kanagbou does not convince us that the district court erred in awarding him only a two-level reduction as a "minor participant," U.S.S.G. § 3B1.2(b), as opposed to a four-

---

[1] Kanagbou also argues that he received a harsher sentence because the Presentence Investigation Report incorrectly listed his immigration status as a permanent resident. As a result, Kanagbou asserts that he was sent to a private prison in Pennsylvania to await deportation. Eventually, Kanagbou corrected the error with the Bureau of Prisons and was transferred to a facility in New Jersey. This argument is irrelevant for purposes of this appeal because it is well established that the district court does not control how the Executive Branch carries out a defendant's sentence. *See* 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment.").

4

level reduction as a "minimal participant," U.S.S.G. § 3B1.2(a). The Guidelines advise that a minimal participant reduction is reserved for defendants "who are plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. § 3B1.2 App. n.4. Consistent with this instruction, the district court properly concluded that Kanagbou played at least a minor role in the narcotics conspiracy by participating in five drug deliveries involving nearly three-and-a-half kilograms of cocaine.

For many of the same reasons, we conclude that Kanagbou's 36-month sentence is substantively reasonable. In "'the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances.' It is therefore difficult to find that a below-Guidelines sentence is unreasonable." *United States v. Perez–Frias*, 636 F.3d 39, 43 (2d Cir. 2011) (per curiam) (quoting *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006)). The district court considered the nature of the crime, the Guidelines' overemphasis of Kanagbou's criminal history, and Kanagbou's personal characteristics, including his family, employment history, and service in the United States Marine Corps. The district court ultimately chose to depart downward from the Guidelines calculation and impose a sentence 21-months below the low-end of the Guidelines range. Against this backdrop, we conclude that the district court's decision fits comfortably within the broad range of sentences that would be reasonable in these circumstances.[2]

---

[2] Kanagbou also argues that his sentence is cruel and unusual, in violation of the Eighth Amendment. This argument merits little discussion. We have held that "[l]engthy prison sentences, even those that exceed any conceivable life expectancy of a convicted defendant, do not violate the Eighth Amendment's prohibition against cruel and unusual punishment when based on a proper application of the Sentencing Guidelines or statutorily mandated consecutive terms." *United States v. Yousef*, 327 F.3d 56, 163 (2d Cir. 2003). Kanagbou's sentence is below the Guidelines range and below the statutory maximum for each count of conviction, *see* 21 U.S.C.

## II.    Agent Alahverdian's Testimony

Citing *United States v. Cruz*, 981 F.2d 659 (2d Cir. 1992), Kanagbou argues that the Government improperly used Agent Alahverdian to bolster Myers's credibility.    At trial, the Government called Agent Alahverdian as an expert in the pricing and distribution of controlled substances.    Agent Alahverdian testified briefly about drug purity, drug pricing, and drug dosage.[3]

We have held that "[t]estimony about the weight, purity, dosages, and prices of cocaine clearly relates to knowledge beyond the ken of the average juror," *United States v. Tapia-Ortiz*, 23 F.3d 738, 741 (2d Cir. 1994), and that the "the operations of narcotics dealers are a proper subject for expert testimony under Fed. R. Evid. 702," *United States v. Castillo*, 924 F.2d 1227, 1232 (2d. Cir. 1991) (collecting cases).    The Government may not, however, utilize expert testimony "solely to bolster the credibility of the government's fact-witnesses by mirroring their version of events." *Cruz*, 981 F.2d at 664.

---

§§ 841(a)(1), 841(b)(1)(C).    Accordingly, Kanagbou has not identified an Eighth Amendment violation.

[3] Kanagbou also argues that the Government neglected its *Brady* obligations by not disclosing Myers's criminal history.    Aside from finding a defendant with the same name as Myers, Kanagbou has not identified a *Brady* violation.    *See United States v. Brunshtein*, 344 F.3d 91, 101 (2d Cir. 2003) ("An appellant seeking a new trial on the basis of an alleged *Brady* violation bears the burden of demonstrating both that the Government suppressed exculpatory information and that this information was material.").    The Government acknowledges that an individual named Marlon Myers was convicted of participating in a narcotics conspiracy in 2001.    The Government, however, states that it "has no evidence that that person is the same Marlon Myers who testified in this case."    Appellee's Br. at 22 n.8.    In support, the Government contends that this 2001 conviction did not appear on Myers's FBI rap sheet, nor does the conviction appear in Myers's presentence investigation report.    Aside from conjecture, there is nothing to suggest that the Government withheld from Kanagbou useful impeachment evidence.

Agent Alahverdian's testimony was not offered to bolster Myers's credibility by mirroring Myers's version of events. Agent Alahverdian's testimony was principally about the quantity, dosage, and street value of cocaine that is indicative of distribution rather than simple possession. This information was helpful for the jury to understand the nature of narcotics distribution and to aid the jury in distinguishing Kanagbou's conduct from simple possession. The district court therefore did not abuse its discretion in allowing Agent Alahverdian to testify about the amount of cocaine Kanagbou possessed, the dosages it would yield, and its street value.

We have considered Kanagbou's remaining arguments on appeal and find them to be without merit. We **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court