*United States v. Michael Young*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of October, two thousand twenty.

PRESENT:

> JON O. NEWMAN,
> GUIDO CALABRESI,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

———————————————————————————

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                             No. 19-2709

MICHAEL YOUNG,

> *Defendant-Appellant.*

———————————————————————————

FOR DEFENDANT-APPELLANT:    TRACY HAYES, Federal Defender for the District of Connecticut, New Haven, CT.

FOR APPELLEE:    HAROLD H. CHEN, Assistant United States Attorney (Marc H. Silverman, *on the brief*), *for* John H. Durham, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from judgment of the United States District Court for the District of Connecticut (Dooley, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on August 26, 2019, is **AFFIRMED**.

Defendant-Appellant Michael Young pleaded guilty to possession with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). Young appeals his 72-month sentence, arguing that it is both procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

A district court commits procedural error when it imposes a sentence based on "clearly erroneous factual findings." *United States v. Johnson*, 567 F.3d 40, 51 (2d Cir. 2009).[1] Because Young did not make any procedural objections at sentencing, we apply a plain error analysis to his challenge. *See United States v. Villafuerte*, 502 F.3d 204, 208 (2d Cir. 2007).

Young urges us to find plain error in the District Court's characterization of his offense as involving "an extraordinary quantity of very dangerous synthetic drugs that were being manufactured and distributed in a very sophisticated fashion over a period of time." Jt. App. 97. But the factual record supports the District Court's description. Regarding quantity, Young pleaded guilty to possessing 1,354.4 grams of synthetic cannabinoids, 285.48 grams of synthetic cathinone, and 21.17 grams of phencyclidine (PCP), or the equivalent of a total of 355.8 kilograms (784 pounds) of marijuana under the Sentencing Guidelines. This is an

---

[1] Unless otherwise noted, this Order omits all alterations, brackets, citations, and internal quotation marks from quoted text.

"extraordinary" amount even if, as Young argues, the Guidelines contemplate similar punishment for even greater quantities.

As to the dangerousness of the drugs, both parties' sentencing submissions recognized the severity of the drugs' effects. Young admitted that synthetic cannabinoids are "nasty," and cause a "rapid drop in blood pressure, 'chilling out' effect, becoming 'stuck,' [and] delusions." Jt. App. 31. The Government described the psychoactive effects of the drugs as including "altered mental status, loss of consciousness, and heart palpitations." Jt. App. 47. These health effects are fairly characterized as "very dangerous."

Finally, the court was justified in labeling Young's operation as "very sophisticated," where it entailed the importation of materials and the production and distribution of drugs. Young admitted that he purchased the drug chemicals from suppliers in China, coated smokable leaves in a combination of the chemicals and alcohol, and finally distributed the synthetic end product to customers on Craiglist.org and in person. Given this record, we are not left with a "definite and firm conviction," *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985), that the District Court erred in describing Young's offense.

Young further argues that the District Court's sentence is substantively unreasonable because it is "overly harsh." Appellant's Br. 13. We will "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). "In the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable." *United States v. Perez-Frias*, 636 F.3d 39, 43 (2d Cir. 2011). We apply "a particularly deferential form of abuse-of-discretion review" in reviewing the length of a sentence. *Cavera*, 550 F.3d at 188 n.5, 189.

Based on an offense level of 23 and criminal history category of 4, the Sentencing Guidelines recommended a sentence of 70 to 87 months' imprisonment for Young. The District Court sentenced Young to 72 months, to run concurrently with a state sentence imposed on him for violating parole in connection with the same drug misconduct as in this

federal prosecution. In imposing the sentence, the District Court properly considered that the drugs involved were dangerous, the quantities significant, and that Young was not deterred from committing the offense even though he risked seven years' imprisonment for violation of his state parole. The District Court also considered the effect on his overall sentence of the one year he spent in state custody while this federal case was pending, concluding that Young would likely not receive credit for that year against his federal sentence, but would receive credit against his state sentence. Looking at the totality of the circumstances, including that Young's 72-month sentence was comfortably within the applicable Guidelines range, we cannot conclude that the District Court abused its discretion in imposing the sentence. *United States v. Douglas*, 713 F.3d 694, 700 (2d Cir. 2013).

\* \* \*

For the reasons set forth above, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

4