*United States of America v. Coro*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of May, two thousand twenty-two.

PRESENT:
> DENNY CHIN,
> RICHARD J. SULLIVAN,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                                   No. 21-924

VICTOR MONES CORO,

> *Defendant-Appellant.*[*]

_____

**FOR DEFENDANT-APPELLANT:**          PAUL J. ANGIOLETTI, Staten Island, NY.

---

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

FOR APPELLEE:                              SAM ADELSBERG (Stephen J. Ritchin, *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment is **AFFIRMED**.

Victor Mones Coro appeals from a judgment of conviction following his guilty plea to five counts of violating and conspiring to violate the Foreign Narcotics Kingpin Designation Act (the "Kingpin Act"), 21 U.S.C. §§ 1904(b)–(c)(1), (2) and 1906(a)(2), 18 U.S.C. §§ 3238 and 2, and related Kingpin Act regulations, 31 C.F.R. §§ 598.203(a), 598.204, and 598.406. [1]   The charges arose from Mones Coro's approximately two-year-long participation in a conspiracy to provide illicit air-travel services to current and former officials of the Venezuelan government who were sanctioned by the United States Treasury Department's Office of Foreign Assets Control ("OFAC") for their connections to international narcotics trafficking

---

[1] The provisions in 31 C.F.R. § 598.203(a) were subsequently moved to 31 C.F.R. § 598.202(a).   *See* 86 Fed. Reg. 26,667 (May 17, 2021).

2

and organized crime. Through his company, American Charter Services LLC ("ACS"), Mones Coro arranged flights that often involved transporting these individuals to locations of strategic importance to Venezuela, such as Russia and Turkey. Following Mones Coro's guilty plea, the district court calculated the Guidelines range to be seventy to eighty-seven months' imprisonment, based in part on its conclusion that Mones Coro was subject to a four-level leadership enhancement pursuant to U.S. Sentencing Guidelines § 3B1.1(a). The district court then imposed a below-Guidelines sentence of fifty-five months' imprisonment, to be followed by a two-year term of supervised release, along with a fine and special assessment that Mones Coro does not challenge here.

On appeal, Mones Coro argues that the district court improperly imposed the four-level leadership enhancement and that his sentence is substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

With respect to the Guidelines issue, section 3B1.1 provides for a four-level sentencing enhancement for a defendant who is "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). "We review a district court's interpretation and application of

3

the Guidelines *de novo* and its factual findings for clear error." *United States v. Pristell*, 941 F.3d 44, 49 (2d Cir. 2019) (citation omitted). Mones Coro contends that in assessing the leadership enhancement, the district court "conflated [his prominent] role in his company," which he owned, "with his [putatively more minor] role in the conspiracy." Mones Coro's Br. at 27. As a result, Mones Coro maintains that the district court wrongly concluded that he was an organizer or leader when he was actually a mere "service provider." Mones Coro's Br. at 24, 30, 33.[2] He further argues that he was at most a "manager or supervisor," which would merit only a three-level enhancement. Mones Coro's Br. at 36; *see* U.S.S.G. § 3B1.1(b).

We find no error in the district court's analysis. "Whether a defendant is considered a leader depends upon the degree of discretion exercised by him, the nature and degree of his participation in planning or organizing the offense, and the degree of control and authority exercised over the other members of the conspiracy." *United States v. Beaulieau*, 959 F.2d 375, 379–80 (2d Cir. 1992). Contrary to Mones Coro's argument, leadership status does not turn on the fact that the individuals

---

[2] Mones Coro does not dispute the district court's determination that the criminal scheme involved at least five participants or was otherwise extensive.

4

sanctioned by OFAC were above him in the hierarchy of the criminal scheme. *See, e.g.,* U.S.S.G. § 3B1.1 cmt. n.4 ("There can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy."); *United States v. Si Lu Tian*, 339 F.3d 143, 157 (2d Cir. 2003) ("[O]ne conspirator's leadership role is not dispositive on the question of whether another was also a leader.") (citation omitted).

The record supports the district court's determination that Mones Coro was a "leader" within the meaning of the Guidelines. As the owner and president of ACS, Mones Coro led the scheme to provide flight services to OFAC-sanctioned individuals in violation of the Kingpin Act and its related regulations: he decided how to organize and arrange the flights, directed pilots to provide the flights, devised procedures to avoid detection by law enforcement, and received millions of dollars in payment for his services. The scheme depended on the resources of ACS – its airplanes, employees, accounting services, bank accounts, contracted pilots, and Federal Aviation Administration certification for charter-type air services – and Mones Coro exercised significant discretion over how to use those resources. The fact that he did not exercise discretion over the destinations or dates of the flights and instead carried out the directives of the "top tier" clients, Mones

Coro's Br. at 24, 30, 38, is of little relevance given the discretion that he did exercise and the fact that he and his company were indispensable to the criminal scheme at issue here. Moreover, the record is clear that he *did* exercise decision-making authority over crucial aspects of the travel, such as which planes and pilots to deploy and how to adjust ACS's standard record-keeping practices to conceal the scheme by omitting the names of OFAC-sanctioned individuals from flight manifests and internal records. *See United States v. Duncan*, 42 F.3d 97, 106 (2d Cir. 1994) (affirming leader enhancement where defendant "knew of and profited from corruption" while he was the president of the corporation that was "the primary vehicle through which corrupt payments [to public officials] were made"). Accordingly, the district court did not err in applying the four-level "leader" enhancement at sentencing.

Mones Coro's challenge to the substantive reasonableness of his sentence fares no better. We review the substantive reasonableness of a sentence "under a 'deferential abuse-of-discretion standard,'" *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)), recognizing that such review "provide[s] a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable

6

as a matter of law," *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

Mones Coro argues that the district court did not properly weigh several mitigating factors, including his exemplary life and character, his assistance to the government in exposing a confidential source as unreliable and untrustworthy, his conduct while in prison, the difficult conditions of his confinement during the COVID-19 pandemic, and various other factors. He also argues that the district court failed to consider the sentencing disparities between Mones Coro and defendants in similar cases, such as those involving defendants who violated sanctions against Iran.

But the law is clear that we will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (citation, quotation marks, and emphasis omitted). Not surprisingly, "it is 'difficult to find that a below-Guidelines sentence is [substantively] unreasonable.'" *United States v. Rivernider*, 828 F.3d 91, 111 (2d Cir. 2016) (quoting *United States v. Perez-Frias*, 636 F.3d 39, 43 (2d Cir. 2011)). Here, given the gravity of the offense, we have no difficulty locating Mones Coro's below-Guidelines sentence of fifty-five months in prison "within the range of permissible decisions available to the district court." *Id.*

And because "concern about unwarranted disparities is at a minimum when a sentence is within the Guidelines range," let alone below it, we will not disturb Mones Coro's sentence on the basis of his having identified other defendants in other circumstances who received different sentences. *United States v. Irving*, 554 F.3d 64, 76 (2d Cir. 2009) (citation omitted). We therefore conclude that the district court did not impose a substantively unreasonable sentence.

We have considered Mones Coro's remaining arguments and find them to be meritless. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8