10-1401-cr
United States v. Perez-Frias

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2010

(Submitted: March 22, 2011    Decided: March 31, 2011)

Docket No. 10-1401-cr

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

                Appellee,

       -v.-

PEDRO RUBEN PEREZ-FRIAS,

                Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Before:      JACOBS, Chief Judge, CALABRESI and
                   LOHIER, Circuit Judges.

Defendant-Appellant Pedro Ruben Perez-Frias appeals from an April 13, 2010 judgment of the United States District Court for the Southern District of New York (Chin, J.) entered following a plea of guilty to illegal reentry in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). Perez-Frias challenges the sentence of 42 months' imprisonment on the ground of substantive unreasonableness. We affirm.

Darrell B. Fields, Federal Defenders of New York, Inc., Appeals Bureau, New York, New York, for Defendant-Appellant.

Kan M. Nawaday, Assistant United States Attorney (David Raskin, Assistant United States Attorney, on the brief), on behalf of Preet Bharara, United States Attorney for the Southern District of New York, New York, New York, for Appellee.

PER CURIAM:

Defendant Pedro Ruben Perez-Frias ("Perez-Frias") pleaded guilty to one count of illegally reentering the United States without permission after having been deported following a conviction for the commission of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). The United States District Court for the Southern District of New York (Chin, J.) sentenced Perez-Frias principally to 42 months' imprisonment. Perez-Frias challenges only the substantive reasonableness of his sentence, arguing [1] that the district court's sentence was unduly harsh in view of the 18 U.S.C. § 3553(a) factors and [2] that the 16-level enhancement applicable to reentrants with certain prior convictions (a) is not based on review of past sentencing practices and empirical studies, (b) is overly harsh

compared to Guidelines applicable to more serious crimes, and (c) is greater than necessary in view of districts that have "fast track" programs.  We affirm.

**I**

Perez-Frias, a citizen of the Dominican Republic, immigrated to the United States in 1977.  On or about December 12, 1995, at age 27, Perez-Frias was convicted in New York State Supreme Court, New York County, of manslaughter in the first degree, resulting in a sentence of 7 to 21 years' imprisonment.  The relevant facts underlying his conviction are as follows: Perez-Frias was dealing marijuana, told a group of friends that he was having a dispute with a rival seller, and inspired the murder of the rival by telling his friends about his grievance, though Perez-Frias was not otherwise involved in the killing.  On or about June 2, 2008, Perez-Frias was released on parole into the custody of immigration authorities, and immediately deported to the Dominican Republic.

In August 2009, Perez-Frias illegally reentered the United States.  Within two months, on October 1, 2009, he was arrested in Manhattan for possession of marijuana.

3

In December 2009, Perez-Frias was transferred from state to federal custody, and charged in a single-count indictment with illegal reentry without permission after having been deported following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). On January 27, 2010, Perez-Frias pleaded guilty. Prior to the plea, the Government provided Perez-Frias with a letter pursuant to United States v. Pimentel, 932 F.2d 1029, 1034 (2d Cir. 1991), outlining its view of how the U.S. Sentencing Guidelines ("Guidelines") would apply to Perez-Frias. The Government calculated an offense level of 21 and a Criminal History Category of III, yielding a Guidelines range of 46 to 57 months' imprisonment. At the plea proceeding, Judge Chin conducted a thorough allocution, the adequacy of which is not challenged on appeal.

The parties appeared before Judge Chin for sentencing on April 7, 2010. The Presentence Report ("PSR") concurred in the Government's Guidelines calculation and recommended a bottom-of-the-range sentence of 46 months.

Perez-Frias did not challenge the Guidelines calculation in the district court (and does not do so on appeal). Instead, Perez-Frias's sentencing submission

4

contended that the applicable Guidelines range was greater than necessary to comply with the purposes of § 3553(a) and argued for a non-Guidelines sentence. Perez-Frias also asked for a reduction corresponding to the number of months he had been in federal custody--from December 2009 up to the date of sentencing--even though that time was not subject to credit on his federal sentence because Perez-Frias was in federal custody under a writ of habeas corpus ad prosequendum from New York State custody. The Government requested that the District Court impose a within-Guidelines sentence of 46 to 57 months.

Before sentencing, Judge Chin confirmed that he had considered the parties' written submissions and statements in court, as well as the statutory factors. In fashioning a sentence, Judge Chin focused on the fact that Perez-Frias reentered soon after being deported and that he promptly recidivated, engaging in the same drug activity that led to his manslaughter conviction and ultimate deportation. Even so, Judge Chin was prepared to give Perez-Frias a bottom-of-the-range sentence of 46 months. Moreover, at the defense's request (and over the Government's objection) the District Court awarded Perez-Frias "credit" for his four

months in federal custody and imposed a below-Guidelines sentence of 42 months.

**II**

"Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). "[W]hen conducting substantive review, we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." United States v. Cavera, 550 F.3d 180, 190 (2d Cir. 2008) (in banc). "[W]e will not substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case. See United States v. Fernandez, 443 F.3d 19, 27 (2d Cir. 2006). We will instead set aside a district court's substantive determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" Cavera, 550 F.3d at 189 (quoting

6

United States v. Rigas, 490 F.3d 208, 238 (2d Cir. 2007). "Generally, '[i]f the ultimate sentence is reasonable and the sentencing judge did not commit procedural error in imposing that sentence, we will not second guess the weight (or lack thereof) that the judge accorded to a given factor or to a specific argument made pursuant to that factor.'" United States v. Pope, 554 F.3d 240, 246-47 (2d Cir. 2009) (alteration in original) (quoting Fernandez, 443 F.3d at 34).

**III**

**A**

The district court imposed a below-Guidelines sentence of 42 months' imprisonment. "[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." Fernandez, 443 F.3d at 27. It is therefore difficult to find that a below-Guidelines sentence is unreasonable. See Kimbrough v. United States, 552 U.S. 85, 109 (2007) ("We have . . . recognized that, in the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of

7

sentences that might achieve § 3553(a)'s objectives.'" (quoting Rita v. United States, 551 U.S. 338, 350 (2007))).

The district court considered Perez-Frias's history and personal characteristics; and the sentence was based on: (1) the seriousness of Perez-Frias's prior conviction (manslaughter), (2) his rapid reentry after deportation, and (3) his arrest soon afterward for conduct that (like the manslaughter offense) stemmed from his involvement with marijuana. The district court's assessment of the "nature and circumstances of the offense" and the "history and characteristics of the defendant," 18 U.S.C. § 3553(a), supported the decision to sentence Perez-Frias no further below the bottom of the Guidelines range.

**B**

Perez-Frias argues that the 16-level Guideline enhancement for reentry is deficient because the Commission arrived at it without reference to specific empirical data. In support, Perez-Frias cites the Supreme Court's decision in Kimbrough, 552 U.S. at 109, holding that district judges are entitled to conclude that the crack cocaine Guideline was greater than necessary to meet the standards of § 3553(a) if they believe the Guideline "do[es] not

8

exemplify the Commission's exercise of its characteristic institutional role"; and our recent decision in United States v. Dorvee, 616 F.3d 174, 184 (2d Cir. 2010), holding that "the Commission did not use [an] empirical approach in formulating the Guidelines for child pornography" and instead amended the Guidelines at the direction of Congress.

However, the absence of empirical support is not the relevant flaw we identified in Dorvee. We criticized the child pornography Guideline in Dorvee because Congress ignored the Commission and directly amended the Guideline, which had the effect of "eviscerat[ing] the fundamental statutory requirement in § 3553(a) that district courts consider 'the nature and circumstances of the offense and the history and characteristics of the defendant.'" See 616 F.3d at 184-86, 187. There is no such flaw in the reentry Guideline. Congress did not bypass the usual procedure for amending the Guidelines with respect to illegal reentry cases. To the contrary, the 16-level enhancement in § 2L1.2 was based on the Commission's own "determin[ation] that these increased offense levels are appropriate to reflect the serious nature of these offenses." U.S.S.G. Appx. C (amend. 375, Reason for Amendment"). Moreover, as discussed

9

above in Point III.A, the district court considered the required § 3553(a) factors to arrive at Perez-Frias's sentence.  Accordingly, Perez-Frias's challenge to U.S.S.G. § 2L1.2 is without merit.

C

Perez-Frias deploys an argument that has been raised by many defendants sentenced for illegal reentry: because the illegal reentry is itself a nonviolent act, the 16-level enhancement is unduly harsh.  We join our sister Circuits that have considered and rejected this argument.  "The applicable Guidelines range here is not rendered unreasonable simply because § 2L1.2 establishes a base offense level for a nonviolent offense that is equal to or greater than that of certain violent offenses.  Congress 'has the power to define a crime and set its punishments.'" United States v. Lopez-Reyes, 589 F.3d 667, 672 (3d Cir. 2009) (quoting United States v. MacEwan, 445 F.3d 237, 252 (3d Cir. 2006)); see also United States v. Ramirez-Garcia, 269 F.3d 945, 947-48 (9th Cir. 2001) (explaining that § 2L1.2 properly implements Congress's desire "to enhance the penalties for aliens with prior convictions in order to deter others[]" by increasing the "sentencing range for aliens with prior convictions").

10

**D**

Perez-Frias contends that his sentence is unreasonable because much lower sentences have been shown to be sufficient but not greater than necessary under § 3553(a) in districts with so-called fast-track programs. We rejected that argument in <u>United States v. Hendry</u>, 522 F.3d 239, 242 (2d Cir. 2008) (per curiam), which concluded that defendants in fast-track districts are not similarly situated to defendants in non-fast-track districts, so that "sentences in fast-track districts cannot be compared with sentences in non-fast-track districts in order to demonstrate that the latter are longer than necessary."

**CONCLUSION**

For the foregoing reasons, we AFFIRM the judgment of the district court.

11