20-3714-cr
*United States v. Decker*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of May, two thousand twenty-two.

PRESENT:   JOHN M. WALKER, JR.,
                     GUIDO CALABRESI,
                     JOSÉ A. CABRANES,
                                       *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                    *Appellee*,

                    v.                                                                           20-3714-cr

LOGAN DECKER,

                    *Defendant-Appellant*,

AMBER DECKER,

                    *Defendant.**

---

---

\*          The Clerk of Court is directed to amend the caption as set forth above.

**FOR APPELLEE:**	Lisa M. Fletcher & Rajit S. Dosanjh, Assistant United States Attorneys, *for* Antoinette T. Bacon, Acting United States Attorney for the Northern District of New York, Syracuse, NY.

**FOR DEFENDANT-APPELLANT:**	David R. Morabito, East Rochester, NY.

Appeal from a judgment, entered October 21, 2020, by the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 21, 2020 judgment of the District Court be and hereby is **AFFIRMED**.

Defendant Logan Decker challenges the District Court's judgment sentencing him principally to a 528-month term of imprisonment and a 25-year term of supervised release. On February 27, 2019, a federal grand jury returned a superseding indictment against Logan Decker and his wife, Amber Decker, charging both with six counts of sexually exploiting and one count of conspiring to sexually exploit their then-two-year-old daughter. Amber Decker, who pleaded guilty to the seven counts on June 27, 2019, was sentenced by the District Court on August 12, 2020, principally to a 264-month term of imprisonment and a 20-year term of supervised release.[1] Logan Decker pleaded guilty to the seven counts on December 23, 2019; the District Court, on October 21, 2020, imposed on him a sentence principally consisting of a 528-month term of imprisonment and a 25-year term of supervised release. Logan Decker now appeals his sentence, arguing that in light of the fact that he was sentenced to a term of imprisonment twice as long as that of his wife, the District Court's sentence was both procedurally and substantively unreasonable. He urges us to vacate his sentence and remand for purposes of resentencing. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's imposition of a sentence under a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)); *see also In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (describing the abuse-of-discretion standard). At root, we evaluate the sentence imposed for "reasonableness," a concept which encompasses both "the procedures used to arrive at the sentence (procedural reasonableness) and . . . the length of the sentence (substantive reasonableness)." *United States v. Broxmeyer*, 699 F.3d 265, 278 (2d Cir. 2012).

---

[1]	Amber Decker did not appeal the District Court's judgment in her case.

2

On appeal, Logan Decker first argues that the District Court committed procedural error by failing to consider one of the statutory factors, Section 3553(a)(6), which requires a district court imposing a sentence to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). We find no merit in this argument. For starters, at the time of sentencing, the District Court explicitly stated that it *had* considered that factor. In addition, the type of sentencing disparity to which Logan Decker objects — that between him and his co-defendant, Amber Decker — is not that of which Section 3553(a)(6) is concerned. As we have made clear, "[S]ection 3553(a)(6) requires a district court to consider nationwide sentence disparities, but does not require a district court to consider disparities between co-defendants." *United States v. Ghailani*, 733 F.3d 29, 55 (2d Cir. 2013) (internal quotation marks omitted).

Further, at the time of Logan Decker's sentencing, the District Court did discuss the relative roles of Amber Decker and Logan Decker in the sexual exploitation of their two-year-old daughter. The District Court stated that Amber Decker "was guilty, very much so, and she is now serving a long prison term." App'x 53. And the District Court was aware, as Logan Decker's counsel argued at sentencing, that it was Amber Decker (and not Logan Decker) who physically committed the acts of abuse against their two-year-old daughter in New York while Logan Decker was, at the time, in South Dakota. But the District Court explained that it was particularly troubled by Logan Decker's "denial and placement of blame on [his] wife," adding that the text messages he sent to Amber Decker demonstrated that he "directed and demanded" the acts that she committed. *Id.* "[I]t is clear," the District Court concluded, "that if it wasn't for [Logan Decker], [Amber Decker] would not have engaged in these acts." *Id.* Thus, we find no merit in Logan Decker's argument that the District Court failed to "provide . . . [an] assessment [of] how [Logan Decker] was sentenced in relation to [Amber Decker]." Def.'s Br. 20.

Logan Decker also argues that the District Court's sentence was substantively unreasonable. As we have stated before, we will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (cleaned up). Sentences are substantively unreasonable only when they "are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *Broxmeyer*, 699 F.3d at 289 (internal quotation marks omitted). This is not such a case.

Here, as the District Court explained the reasons it was imposing a lengthy sentence, it discussed the depravity of Logan Decker's conduct, his role in instigating the sexual abuse of his two-year-old daughter, his demands for increasingly severe forms of abuse, his efforts to deflect blame for the offense on both Amber Decker and his abuse of alcohol, his danger of recidivism, and indications in the record that he had sexually abused his two-year-old daughter in the past and planned to abuse his six-year-old daughter as well as his as-yet unborn child in the future.

Moreover, while the advisory Sentencing Guidelines recommended a sentence of 2,520 months' imprisonment, the District Court elected to impose a below-Guidelines sentence of 528 months. While the fact that a sentence is below the advisory Guidelines range does not itself create a presumption of reasonableness, we have noted that it is "difficult to find that a below-Guidelines sentence is unreasonable." *United States v. Perez-Frias*, 636 F.3d 39, 43 (2d Cir. 2011) (per curiam). Under the "totality of the circumstances," *Cavera*, 550 F.3d at 190, we cannot conclude that Logan Decker's below-Guidelines sentence is "unsupportable as a matter of law" such that affirming the sentence "would damage the administration of justice," *Broxmeyer*, 699 F.3d at 289 (internal quotation marks omitted).

We have considered all of Logan Decker's remaining arguments and find them to be without merit. For the foregoing reasons, therefore, we **AFFIRM** the October 21, 2020 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court