21-1812
*United States v. Davila*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of September, two thousand twenty-two.

PRESENT:
              SUSAN L. CARNEY,
              JOSEPH F. BIANCO,
              ALISON J. NATHAN,
                           *Circuit Judges.*
_____

UNITED STATES OF AMERICA,

          *Appellee*,

                    v.                                              No. 21-1812

MATTHEW RIVERA, PAUL ARCE, AKA PABLO,

          *Defendants*,

JOSEPH DAVILA, AKA SEALED DEFENDANT 1, AKA JOJO,

          *Defendant-Appellant.*
_____

FOR APPELLANT:                    MICHAEL K. BACHRACH, Law Office of
                                  Michael K. Bachrach, New York, NY.

FOR APPELLEE:                     THOMAS S. BURNETT (Karl Metzner, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**, and the case is **REMANDED** for the limited purpose of entry of a corrected judgment.

Joseph Davila pleaded guilty, without agreement, to one count of conspiracy to commit kidnapping and one count of substantive kidnapping. *See* 18 U.S.C. § 1201(a)(1), (c). At Davila's sentencing hearing, the United States District Court for the Southern District of New York (Castel, *J.*) applied a downward variance to the relevant Guidelines range of 121 to 151 months' imprisonment and announced a sentence principally of 106 months' imprisonment. The written judgment entered by the court, however, reflects a sentence principally of 108 months' imprisonment. On appeal, Davila challenges the substantive reasonableness of his sentence. He and the government agree, in any event, that the case must be remanded for entry of a corrected judgment. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal.

We review a sentence for substantive reasonableness under the "deferential abuse-of-discretion standard," *Gall v. United States*, 552 U.S. 38, 41 (2007), and will reverse "only in exceptional cases" when the sentence "cannot be located within the range of permissible decisions," *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). Although we do not presume that the applicable Guidelines range is reasonable, "[i]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Perez-Frias*, 636 F.3d 39, 43 (2d Cir. 2011) (per curiam). It is particularly "difficult to find that a below-Guidelines sentence is unreasonable." *Id.* In assessing a sentence imposed by a district court, we do not reweigh the relevant factors; rather, we evaluate only whether a factor "can bear the weight assigned it under the totality of the circumstances." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012).

Davila contends that, in imposing a sentence of 106 months' imprisonment, the district court applied an insufficient downward variance to the relevant Guidelines range of 121 to 151 months' imprisonment. Relying exclusively on the first 18 U.S.C. § 3553(a) factor—"the nature and circumstances of the offense and the history and characteristics of the defendant"—Davila argues that the district court placed disproportionate weight on video recordings Davila and his co-conspirators made of the kidnapping and that the court failed sufficiently to consider a variety of mitigating circumstances.

On abuse of discretion review, we identify no error in the district court's assessment of the first section 3553(a) factor. Although Davila may disagree with how the district court weighed the seriousness of his criminal conduct as reflected in video recordings, which provided clear and contemporaneous evidence of his crimes, "he can hardly show that his criminal conduct was not sufficiently severe to bear the weight assigned it under the totality of the circumstances." *United States v. Coppola*, 671 F.3d 220, 254 (2d Cir. 2012). It is undisputed that Davila and his co-conspirators physically abused their victim, including by hitting him in the face with their hands, berating him as he stood naked against a wall, forcing him to uncover his genitals while being filmed, wrapping an electrical cord around his neck and making him walk on his hands and knees, and stomping on his neck and back. Davila concedes that his victim "was frightened, bruised, and deeply humiliated," that he intended to "assault" or "teach [the victim] a lesson," and that his actions are sufficient to sustain a conviction for kidnapping under 18 U.S.C. § 1201(a). Appellant's Br. 12, 14. The district court fairly assigned great weight to the severity of Davila's conduct as memorialized in those video recordings.

Next, we reject Davila's contention that mitigating factors required the district court to apply a larger downward variance from the Guidelines range than the district court chose. The district court considered each mitigating circumstance Davila now identifies for this Court's consideration: his upbringing, his familial support and strong family bonds, his history of drug use, and his attempts to "turn his life around." *Id.* at 15–21. Because of these mitigating circumstances, especially "the significant efforts that [Davila] has made to clean himself up and stay clean and sober, which are commendable," J.A. at 82, the district court

3

imposed a below-Guidelines sentence. Davila does not contend that the district court failed to consider or assigned inappropriate weight to any of these personal circumstances and fails to explain why they justify a larger downward variance than the district court applied. The district court thus reasonably considered both aggravating and mitigating circumstances. The sentence that it chose for Davila "easily falls within the range of permissible decisions available to the district court." *United States v. Rivernider*, 828 F.3d 91, 111 (2d Cir. 2016).

Finally, as mentioned above, remand is nonetheless necessary because the written judgment entered does not accurately reflect the judgment orally imposed at the sentencing hearing: the court announced a sentence of 106 months' imprisonment, whereas the written judgment imposed a sentence of 108 months' imprisonment. We have consistently held that "[w]here there is a direct conflict between an unambiguous oral pronouncement of sentence and the written judgment . . . the oral pronouncement, as correctly reported, must control." *United States v. Carr*, 557 F.3d 93, 109 (2d Cir. 2009) (omission in original). Accordingly, we remand for entry of a corrected judgment of 106 months' incarceration.

We have considered Davila's remaining arguments and find in them no basis for reversal. The judgment, as orally pronounced, is affirmed. This matter is remanded to the district court for the limited purpose of allowing entry of a corrected written judgment.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

4