*United States of America v. Pierre*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by federal rule of appellate procedure 32.1 and this court's local rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the federal appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of February, two thousand twenty-four.

PRESENT:
> BARRINGTON D. PARKER,
> GERARD E. LYNCH,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

———————————————————————————

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                             22-1274

RULESS PIERRE, AKA SEALED DEFENDANT 1,

> *Defendant-Appellant.*

———————————————————————————

FOR APPELLEE:                                 DAVID ABRAMOWICZ (Drew Skinner, *on the brief*), Assistant United States

Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

FOR DEFENDANT-APPELLANT: RANDALL D. UNGER, Kew Gardens, NY.

Appeal from the May 26, 2022, judgment of the United States District Court for the Southern District of New York (Sidney H. Stein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Ruless Pierre ("Pierre") appeals from a judgment of conviction entered on May 26, 2022, after a jury trial in the United States District Court for the Southern District of New York (Stein, *J.*). The four-count Superseding Indictment charged Pierre with offenses related to various financial misconduct. Count One, pertaining to a stock investment scheme (the "Amongst Friends" scheme), and Count Two, pertaining to a franchise-investment scheme (the "Planet Wings" scheme), charged Pierre with securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff, 17 C.F.R. § 240.10b-5, and 18 U.S.C. § 2. Counts Three and Four, respectively, charged Pierre with wire fraud in violation of 18 U.S.C. §§ 2, 1343, and with structuring bank deposits related to a scheme to embezzle money from his former employer, in violation of 31 U.S.C. §§ 5313(a), 5324(a), 5325 and 18 U.S.C. § 2. The jury found Pierre guilty of all four counts, and the district court sentenced Pierre to an aggregate term of 84 months' imprisonment.

2

On appeal, Pierre argues that (1) the evidence was insufficient to prove that the Amongst Friends scheme in Count One involved "securities;" (2) the evidence was insufficient to prove that he acted with fraudulent intent as to Counts One and Two; (3) the district court erroneously applied an "investment adviser" enhancement under § 2B1.1(b)(20)(A)(iii) of the United States Sentencing Guidelines (the "Guidelines"); and (4) his below-Guidelines 84-month sentence was substantively unreasonable. We disagree. We assume the parties' familiarity with the underlying facts, procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## DISCUSSION

### I. Sufficiency of the Evidence: Securities

Pierre contends that the government introduced insufficient evidence that his Amongst Friends scheme involved "securities," as defined in the Securities Exchange Act of 1934 (the "1934 Act"). We review this claim *de novo* and conclude that sufficient evidence supported the jury's conclusion that the Amongst Friends scheme involved "securities," specifically, investment contracts. *See United States v. Dove*, 884 F.3d 138, 150 (2d Cir. 2018).

"A defendant seeking to overturn a jury verdict on sufficiency grounds bears a 'heavy burden[.]'" *United States v. Anderson*, 747 F.3d 51, 59 (2d Cir. 2014) (quoting *United States v. Aguilar*, 585 F.3d 652, 656 (2d Cir. 2009)). This Court will uphold a verdict if "*any* rational trier of fact could have found the essential elements of the crime beyond a

3

reasonable doubt." *United States v. Persico*, 645 F.3d 85, 105 (2d Cir. 2011) (internal quotation marks omitted). When reviewing for sufficiency, this Court must "draw all permissible inferences in favor of the government and resolve all issues of credibility in favor of the jury's verdict." *United States v. Willis*, 14 F.4th 170, 181 (2d Cir. 2021).

Section 10(b) of the 1934 Act makes it unlawful "[t]o use or employ, in connection with the purchase or sale of any security[,] . . . any manipulative or deceptive device." 15 U.S.C. § 78j(b). The 1934 Act defines a "security" to include, *inter alia*, "stock[s]," "investment contract[s]," and "note[s]." 15 U.S.C. § 78c(a)(10). The Supreme Court has held that the definition of "security" enacted by Congress is "sufficiently broad to encompass virtually any instrument that might be sold as an investment." *Reves v. Ernst & Young*, 494 U.S. 56, 61 (1990). In *SEC. v. W.J. Howey Co.*, 328 U.S. 293 (1946), the Supreme Court established a test for when a financial instrument qualifies as an "investment contract" and, therefore, a "security" under the 1934 Act. Under the *Howey* test, an "investment contract" is defined as a "contract, transaction[,] or scheme" involving: (1) "an investment of money," (2) "in a common enterprise," (3) "with profits to come solely from the efforts of others." *Howey*, 328 U.S. at 299, 301; *see also United States v. Leonard*, 529 F.3d 83, 88 (2d Cir. 2008) (same).

Here, the government's evidence was sufficient to sustain Pierre's conviction for securities fraud as to Count One. Although Pierre titled financial instruments in his Amongst Friends scheme as promissory notes, their substance evinces an investment

4

contract, not a loan. *See Tcherepnin v. Knight*, 389 U.S. 332, 336 (1967) (explaining that when analyzing whether an instrument qualifies as a "security," "form should be disregarded for substance and the emphasis should be on economic reality"). The evidence also established that Pierre pooled investor money in his accounts, purchased stocks with those funds, and made pro-rata distributions to his investors. *See Revak v. SEC Realty Corp.*, 18 F.3d 81, 87 (2d Cir. 1994). His victims testified that they were not providing loans to Pierre but rather expected returns to stem from Pierre's efforts in investing their money in the stock market. From such evidence, the jury reasonably concluded that Pierre's Amongst Friends scheme involved "an investment of money in a common enterprise with profits to come solely from the efforts of others" and, therefore, the financial instruments were "securities" under the 1934 Act.[1] *Howey*, 328 U.S. at 301.

## II.     Sufficiency of the Evidence: Fraudulent Intent

Pierre contends that the evidence of fraudulent intent as to his convictions under Counts One and Two was insufficient. We review these claims for plain error. As to Count One, Pierre never challenged the sufficiency of the evidence to establish fraudulent intent in the district court. *See United States v. Finley*, 245 F.3d 199, 202 (2d Cir. 2001). As to Count Two, although Pierre did challenge the sufficiency of the evidence of fraudulent intent after the close of the government's case, his renewed motion for judgment of

---

[1] Because we conclude that the instruments qualified as "investment contracts," we need not reach the question of whether the scheme also involved "stocks" or "notes" under the 1934 Act.

acquittal after the jury's verdict made no mention of that issue. *Cf. id.* (holding that because "defendant failed to renew his motion for acquittal on [a particular] ground at the close of the defense case[,] . . . [he] has the burden of persuading a court of appeals on the insufficiency issue that there has been plain error or manifest injustice").

"Liability for securities fraud . . . requires proof that the defendant acted with scienter, which is defined as a mental state embracing intent to deceive, manipulate or defraud." *United States v. Litvak*, 808 F.3d 160, 178 (2d Cir. 2015) (internal quotation marks omitted). This Court has held that "intent to harm is not a component of the scienter element of securities fraud . . . ." *Id.* at 179 (internal quotation marks omitted); *see also United States v. Tagliaferri*, 820 F.3d 568, 575 (2d Cir. 2016) (citing *Litvak* and holding "that section 10(b) [of the 1934 Act] does not require intent to harm"). As noted, a defendant bringing a sufficiency claim "bears a heavy burden." *United States v. Kozeny*, 667 F.3d 122, 139 (2d Cir. 2011).

There was sufficient evidence from which a rational jury could conclude that Pierre intended to defraud investors in connection with his Amongst Friends and Planet Wings schemes. The evidence established that Pierre, *inter alia*, deposited investor money from the Amongst Friends scheme into his personal accounts and paid personal bills shortly thereafter; lied to investors about how many Planet Wings stores he had purchased; and asked investors to lie to the authorities about how much they had invested with him after Pierre learned he was being investigated by law enforcement

6

agents. To the extent that Pierre points to certain pieces of evidence in the record to argue that he was merely trying to repay his investors and did not harbor intent to defraud, "it is the task of the jury, not [this Court], to choose among competing inferences." *United States v. Martinez*, 54 F.3d 1040, 1043 (2d Cir. 1995). We therefore affirm Pierre's convictions on Counts One and Two.

### III. Sentencing: Investment Adviser Enhancement

Pierre further contends that the district court erred in applying a four-level investment adviser enhancement. This Court reviews procedural and substantive sentencing challenges for reasonableness. *See United States v. Singh*, 877 F.3d 107, 115 (2d Cir. 2017); *United States v. Broxmeyer*, 699 F.3d 265, 278 (2d Cir. 2012). "If a defendant failed to raise a claimed sentencing error below, however, we review for plain error." *United States v. Hunt*, 82 F.4th 129, 142 (2d Cir. 2023).

The Guidelines provide for a four-level sentence enhancement "[i]f the offense involved . . . a violation of securities law and, at the time of the offense, the defendant was . . . an investment adviser, or a person associated with an investment adviser." U.S.S.G. § 2B1.1(b)(20)(A)(iii). The term "investment adviser" is, in turn, defined by the Investment Advisers Act of 1940 as "any person who, for compensation, engages in the business of advising others, either directly or through publications or writings, as to the value of securities or as to the advisability of investing in, purchasing, or selling securities, or who, for compensation and as part of a regular business, issues or promulgates

7

analyses or reports concerning securities." 15 U.S.C. § 80b-2(a)(11).

The record evidence supports the application of this enhancement because it established that Pierre accepted investors' money and used it to trade securities on their behalf. Contrary to what Pierre argues for the first time on appeal, such activity constitutes "investment advice." *See Abrahamson v. Fleschner*, 568 F.2d 862, 870, 871 (2d Cir. 1977) (holding that "persons who managed the funds of others for compensation are 'investment advisers' within the meaning of the statute," and that "many investment advisers 'advise' their customers by exercising control over what purchases and sales are made with their clients' funds"), *abrogated on other grounds by Transamerica Mortg. Advisors, Inc. v. Lewis*, 444 U.S. 11 (1979).

In addition, as the district court found, Pierre structured his Amongst Friends scheme to provide investors with a 20 percent return every 60 days, with any excess profits being retained as "compensation" for himself. *See Applicability of the Investment Advisers Act*, Investment Advisers Act Release No. IA-1092, 52 Fed. Reg. 38400, 38403 (Oct. 8, 1987) ("SEC Release") (noting that the "compensation element is satisfied by the receipt of any economic benefit . . ."); *Abrahamson*, 568 F.2d at 870. Although the promised returns may have been unrealistic, Pierre represented himself out to investors as a compensated investment adviser. In any event, Pierre, in fact, derived economic benefit from the arrangement. The district court found that Pierre commingled investor funds. This type of economic benefit can constitute "compensation." *See* SEC Release at 38401-

8

02; *see also United States v. Elliott*, 62 F.3d 1304, 1306 (11th Cir. 1995) ("[Defendant] compensated himself by commingling investor funds with personal funds."), *amended*, 82 F.3d 989 (11th Cir. 1996). Accordingly, the district court did not err in applying a four-level investment adviser enhancement to Pierre's sentence.

### IV. Sentencing: Substantive Reasonableness

Finally, we conclude that Pierre's below-Guidelines sentence of 84 months was not substantively unreasonable. At sentencing, the government sought a sentence of at least 120 months, while Pierre sought a sentence "substantially below" what he argued was the correct Guidelines range of 87 to 108 months. The district court ultimately calculated the range to be 135 to 168 months' imprisonment, but imposed a sentence of 84 months—well below the applicable range. In doing so, the court balanced Pierre's personal characteristics, the seriousness of his crimes, the impact of his crimes on vulnerable victims, and the need for deterrence against various mitigating factors, and arrived at a below-Guidelines sentence. Based on our review of the record, we conclude that the district court appropriately balanced the Section 3553(a) factors and acted well within its discretion in imposing Pierre's below-Guidelines sentence. *See United States v. Perez–Frias*, 636 F.3d 39, 43 (2d Cir. 2011) ("It is . . . difficult to find that a below Guidelines sentence is unreasonable.")

\*　　\*　　\*

9

We have considered Pierre's remaining arguments and consider them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court