*United States v. Chowdhury*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1ˢᵗ day of November, two thousand twenty-four.

PRESENT:
> AMALYA L. KEARSE,
> RICHARD J. SULLIVAN,
> BETH ROBINSON,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

    *Appellee*,

    v.                 No. 23-6746

NAYEEM AHMED CHOWDHURY,

    *Defendant-Appellant*,

DAVID MENDEZ,

*Defendant.*[*]

| | |
|---|---|
| **For Defendant-Appellant:** | TIMOTHY P. MURPHY, Federal Public Defender's Office, Western District of New York, Buffalo, NY. |
| **For Appellee:** | AMANDA C. WEINGARTEN (Olga I. Zverovich, *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (John P. Cronan, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the June 20, 2023 judgment of the district court is **AFFIRMED**.

Nayeem Ahmed Chowdhury appeals from a judgment of conviction following his guilty plea to four counts related to his possession of Molotov cocktails in violation of 26 U.S.C. §§ 5861(c), 5861(d), and 5871. These charges stem from two separate incidents: On June 8, 2022, Chowdhury and co-

---

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

conspirator David Mendez placed two Molotov cocktails underneath a truck parked outside the victim's home, and on July 24, 2022, Chowdhury threw a Molotov cocktail onto the front porch of another victim's home. The district court calculated the U.S. Sentencing Guidelines range to be 57 to 71 months' imprisonment and then sentenced Chowdhury to 72 months' imprisonment on each of the four counts, with the sentences to run concurrently. On appeal, Chowdhury argues only that his sentence, which was one month above the high end of the Guidelines range, was substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review the substantive reasonableness of a sentence for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). A defendant challenging the substantive reasonableness of his sentence "bears a heavy burden because our review . . . is particularly deferential." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012). "[W]e will not substitute our own judgment for the district court's on the question of what is sufficient to meet the [18 U.S.C.] § 3553(a) considerations in any particular case." *United States v. Perez-Frias*, 636 F.3d 39, 42 (2d Cir. 2011) (internal quotation marks omitted).

Rather, we "will set aside [a] sentence[] as substantively unreasonable only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions," such as when the sentence is "so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing [it] to stand would damage the administration of justice." *United States v. Thavaraja*, 740 F.3d 253, 259 (2d Cir. 2014) (internal quotation marks omitted). And even if a district court imposes a sentence above the Guidelines range, we "may not apply a presumption of unreasonableness" and instead must consider "the extent of the deviation" with a minor variance requiring less of a justification than a major one. *Gall*, 552 U.S. at 51.

Chowdhury first argues that his sentence is substantively unreasonable because it is almost two-thirds longer than the sentence imposed on his co-conspirator, Mendez. But this "argument is a nonstarter" because "[w]e have repeatedly made clear that section 3553(a)(6) requires a district court to consider *nationwide* sentence disparities, but does not require a district court to consider disparities between co-defendants." *United States v. Bryant*, 976 F.3d 165, 180 (2d Cir. 2020) (internal quotation marks omitted). Plus, the district court was well within its discretion to sentence Chowdhury to a longer term of

4

imprisonment than Mendez. While both men were involved in the planting of the Molotov cocktails on June 8, only Chowdhury was responsible for the incident on July 24. And the July 24 offense was arguably more serious since it involved throwing a Molotov cocktail at a home occupied by a family. Even crediting the defense's representations that Mendez recruited Chowdhury and taught him how to make the Molotov cocktails, the district court explained "[t]hat does very little to lessen the seriousness of this offense." J. App'x at 206. Therefore, we cannot say the district court abused its discretion in sentencing Chowdhury to a longer term of imprisonment than Mendez.

Chowdhury next argues that the sentence imposed was "greater than necessary" to serve the purposes of sentencing. Chowdhury Br. at 14. But while Chowdhury makes much of the fact that there were no injuries and only minimal property damage resulting from his conduct, he ignores that his conduct was "exceedingly dangerous" and that his use of Molotov cocktails posed a "very significant risk to the safety of others." J. App'x at 203. As the district court correctly noted, Chowdhury's actions on June 8 and July 24 easily "could have ended in tragedy." *Id.* With respect to the June 8 incident, as the district court observed, "[t]here could have been an explosion," and "[f]ire could

have spread in the middle of the night to [the victim's] house 12 feet away." *Id.* at 206. The victim also testified at sentencing that his house is connected to four other homes, meaning that the fire could have quickly spread to his neighbors' homes and thus endangered the lives of up to forty people. *See id.* at 185–86. With respect to the July 24 incident, the district court observed that the Molotov cocktail "could have easily caused [the victim's] residence to catch fire with people trapped inside," which was a particular concern given "the early morning hour when people may have been sleeping." *Id.* at 206. Among the occupants were the victim's pregnant wife, his young daughter, and his elderly parents. The district court also identified the "significant trauma that the victims experienced," noting that "[h]aving your residence or your vehicle targeted with an explosive device undoubtedly would be a terrifying experience." *Id.* at 207. And finally, the district court considered the deliberate nature of Chowdhury's conduct, which on June 8 involved "circl[ing the] block[] for hours" before he and Mendez "lit the first device," failing to put out the fires, and planting a second Molotov cocktail under the victim's car. *Id.* at 205. Given these factors, Chowdhury has failed to carry his "heavy burden" in showing that the district

6

court abused its discretion in weighing the seriousness of his conduct. *Broxmeyer*, 699 F.3d at 289.

Chowdhury also contends his sentence is substantively unreasonable because the district court "rel[ied] heavily upon general deterrence to justify" the above-Guidelines term of imprisonment. Chowdhury Br. at 20. Again, we are not persuaded. For starters, the district court explained that the seriousness of the offense, not general deterrence, was "the most important consideration in this case." J. App'x at 203. And to the extent that general deterrence was a significant factor in the district court's sentencing determination, we have upheld sentences based on that consideration. *See, e.g.*, *United States v. Davis*, 82 F.4th 190, 201–202 (2d Cir. 2023) (affirming an above-Guidelines sentence that was imposed, in part, to deter a rise in local crime and noting that section 3553(a)(2)(B) "requires courts to factor in the need for a sentence to provide adequate general deterrent value"). While Chowdhury argues that sentencing him to a term of imprisonment one month above the Guidelines range "served no discernible purpose," Chowdhury Br. at 20, we do not "require extraordinary circumstances to justify a deviation from the Guidelines range," *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (*en banc*) (internal quotation marks

omitted). Rather, we "must give due deference to the district court's decision that the [section] 3553(a) factors, on [the] whole, justify the extent of the variance." *Gall*, 552 U.S. at 51. On this record, we see no reason to second-guess the district court's assessment of the section 3553(a) factors in fashioning Chowdhury's sentence.

Finally, Chowdhury asserts that the district court failed to properly consider an assortment of mitigating factors, including his lack of recent criminal history, supportive family, mental-health and substance-abuse issues, and participation in rehabilitative programs while in prison. But it is clear from the record that the district court carefully considered each of these factors before concluding that they "simply pale when one considers the seriousness of this offense." J. App'x at 209. In the end, "[t]he particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing judge." *Broxmeyer*, 699 F.3d at 289 (internal quotation marks omitted).

For all these reasons, we conclude that the district court did not abuse its discretion in imposing an above-Guidelines sentence of seventy-two months' imprisonment.

*   *   *

We have considered Chowdhury's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court