23-7813-cr
*United States v. Varbel*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of April, two thousand twenty-five.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> RAYMOND J. LOHIER, JR.,
> MYRNA PÉREZ,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                 23-7813-cr

ANTHONY VARBEL, AKA MARC LUCERO,

> *Defendant-Appellant*.

---

| | |
|---|---|
| For Appellee: | Susan Corkery, Michael R. Maffei, Assistant United States Attorneys, *for* Carolyn Pokorny, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY. |
| For Defendant-Appellant: | Matthew W. Brissenden, Garden City, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Joan M. Azrack, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Anthony Varbel appeals from a November 15, 2023 judgment of the United States District Court for the Eastern District of New York, convicting him, after his guilty plea, of conspiracy to sexually exploit children in violation of 18 U.S.C. § 2251(e). Varbel, who was in his forties at the time, posed as a teenage boy on the internet to develop rapport with underage girls and manipulate them into sending him sexual images of themselves. He and a co-conspirator then coerced these victims into sending more and increasingly explicit sexual material by threatening to disseminate the previously obtained images to the victims' friends, family, and social media contacts if they did not comply. A search revealed that Varbel had engaged in hundreds of separate and distinct conversations with minors located all over the world and that he possessed over 2,700 sexually explicit videos of underage victims. The district court sentenced Varbel principally to a below-Guidelines sentence of 300 months' imprisonment. On appeal, Varbel contends that his sentence is substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to **AFFIRM**.

"[O]ur review of a sentence for substantive reasonableness is particularly deferential." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012). "We will . . . set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions," *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (internal quotation marks and emphasis omitted), such as when the sentence is "so

2

shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing [it] to stand would damage the administration of justice," *Broxmeyer*, 699 F.3d at 289 (internal quotation marks omitted). In light of this deferential standard and Varbel's reprehensible conduct, we conclude that the district court acted well within its discretion.

Varbel's below-Guidelines sentence was based on the district court's close examination of the record and careful balancing of the 18 U.S.C. § 3553(a) factors. The district court emphasized the heinous nature of Varbel's crimes, explaining that the way in which he "manipulat[ed] these young girls and blackmail[ed] them" was "too heinous to be minimized[] and call[ed] for serious punishment." App'x 90. A significant custodial term was also necessary to deter Varbel and others and to protect the public. The district court balanced these considerations against Varbel's history as a victim of sexual abuse, his lack of criminal history, and the harder-than-usual conditions of confinement he experienced due to COVID-19. Based on our review of the record, the district court acted well within its discretion in determining that a 300-month sentence—five years shorter than the sentence recommended by the Guidelines—was warranted. *See United States v. Perez-Frias*, 636 F.3d 39, 43 (2d Cir. 2011) (per curiam) ("It is . . . difficult to find that a below-Guidelines sentence is unreasonable.").

Varbel's arguments to the contrary are unavailing. First, he contends that his sentence is substantively unreasonable in light of our decision in *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010). In *Dorvee*, we noted that congressionally directed amendments to U.S.S.G. § 2G2.2, the Guideline relating to child pornography dissemination offenses, "can lead to unreasonable sentences that are inconsistent with what § 3553 requires" in certain circumstances. *Dorvee*, 616 F.3d at 184; *see also United States v. Jenkins*, 854 F.3d 181, 188 (2d Cir. 2017). But Varbel's reliance on *Dorvee*, a case which did not involve the *production* of child pornography, is

3

misplaced. We have explained that "[c]hild pornography production offenses . . . ordinarily warrant significantly harsher punishment than possession or even distribution offenses." *United States v. Muzio*, 966 F.3d 61, 65 (2d Cir. 2020). Thus, "[t]he concerns articulated in *Dorvee* . . . are therefore inapplicable . . . where the defendant was involved in the production of child pornography and had direct contact with child victims." *Id.* Here, Varbel's sentence reasonably reflects the fact that he manipulated and coerced multiple victims into repeated acts of producing child pornography.

Varbel also argues that his sentence was substantively unreasonable because the district court failed to avoid unwarranted sentencing disparities between him and other similarly situated defendants. We find this argument similarly unavailing. Even assuming that Varbel's sentence is higher than average for the "remote" production of child pornography, the district court explicitly considered this factor in determining that a 300-month sentence was justified in this case.[1] *See* App'x 100 ("In contemplating this sentence I have reviewed other sentences in this district for similar conduct. . . . [T]he average sentence for offenders who engage in remote production as defendant did here is 234 months incarceration."). We have also affirmed a 420-month sentence for conduct substantially identical to Varbel's. *See Muzio*, 966 F.3d at 62 (sentencing defendant who "exploited at least fourteen underage girls, luring them into sending him a trove of sexually explicit pictures and videos of themselves" by "pos[ing] as a teenage boy on the internet" and "pressur[ing] his victims into sending more pictures and videos when they

---

[1] We also note that Varbel's sentence was not significantly higher than the national average for crimes like his. According to the U.S. Sentencing Commission's latest report (the same source Varbel cites in his brief) "[o]ffenders who misrepresented themselves to a minor victim" received average sentences of 288 months and those "who used coercive tactics" such as "threatening to use[] images or videos previously obtained . . . to demand additional images or videos that are sexual in nature" were sentenced to an average of 291 months. U.S. Sentencing Comm'n, Federal Sentencing of Child Pornography: Production Offenses (2021), at 38, 48. Varbel did both.

protested"). We discern no abuse of discretion in the district court's conclusion that Varbel's sentence was justified under the circumstances of this case.

*     *     *

We have considered Varbel's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5