*United States v. Gaines*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand twenty-five.

Present:
> RICHARD C. WESLEY,
> MICHAEL H. PARK,
> BETH ROBINSON,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                          22-1324

DESTINE CALDERON, TYIESE WARREN, AKA LOOSE SCREW, JACQUON BENEJAN, AKA BLICK, UNDREA KIRKLAND, AKA SPOODA, MARQUIS ISREAL, AKA GARF, DIOMIE BLACKWELL, AKA YAMO, JACQUON BENEJAN, AKA BLICK, LAHEEM JONES, AKA HEEMIE,

> *Defendants,*

ASANTE GAINES, AKA SANTI,

> *Defendant-Appellant.* *

---

    * The Clerk of Court is respectfully directed to amend the caption accordingly.

FOR APPELLEE:                                  JOCELYN COURTNEY KAOUTZANIS (Sandra S.
                                               Glover, *on the brief*), Assistant United States
                                               Attorneys, *for* Vanessa Roberts Avery, United
                                               States Attorney for the District of Connecticut,
                                               New Haven, CT.

FOR DEFENDANT-APPELLANT:                        JEFFREY C. KESTENBAND, The Kestenband
                                               Law Firm, LLC, Glastonbury, CT.

Appeal from a judgment of the United States District Court for District of Connecticut (Arterton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant Asante Gaines was a member of the Greene Homes Boyz, a gang based in Bridgeport. Gang members, including Gaines, engaged in drug trafficking and committed acts of violence against rival gang members. On January 27, 2020, Gaines and his co-defendants attempted to kill four rival gang members on the steps of the Bridgeport State Courthouse. They fired multiple shots, hitting four individuals, one of whom was left permanently paralyzed.

On October 19, 2021, Gaines pleaded guilty to racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), and aiding and abetting attempted murder, in violation of 18 U.S.C. § 1959(a)(5). On June 8, 2022, the district court sentenced Gaines to 190 months' imprisonment. On appeal, Gaines argues that his sentence was substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

"[A]ppellate review of sentencing decisions is limited to determining" whether a sentence is "reasonable." *Gall v. United States*, 552 U.S. 38, 46 (2007) (internal quotation marks omitted). Reasonableness review has two components: "procedural review and substantive review." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc).

We "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall*, 552 U.S. at 51. In doing so, we "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* A defendant raising a substantive reasonableness argument "bears a heavy burden because our review of a sentence for substantive reasonableness is particularly deferential." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012). We do "not substitute our own judgment for the district court's," and we will "set aside a district court's substantive determination only in exceptional cases where the [sentencing] court's decision cannot be located within the range of permissible decisions." *United States v. Perez-Frias*, 636 F.3d 39, 42 (2d Cir. 2011) (cleaned up).

Gaines's sentence of 190 months' imprisonment was substantively reasonable and well below the Guidelines range of 360 months' imprisonment. *See United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006) ("We recognize that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances."). In determining that a 190-month sentence was appropriate, the district court considered the seriousness of Gaines's offense conduct which "manifested a total disregard of the laws and a total disregard of human lives"; his participation for over three years in a gang that "endorsed and encouraged . . . terror and mayhem" in Bridgeport; his continued criminal behavior while "on a GPS monitoring bracelet as a condition of his state parole"; and his long record of "minimal employment," eleven prior convictions, and "bad behavior" in school. App'x at 151-52. Under the circumstances, the sentence here was well "within the range of permissible decisions." *Perez-Frias*, 636 F.3d at 42.

3

Gaines argues that his sentence was unreasonable because the district court did not properly consider his background, his role in the offense, his criminal history, and the sentences imposed on his co-defendants. Those arguments fail. In fact, the district court carefully balanced these factors in determining Gaines's sentence. The district court recognized the "stresses of poverty and unstable housing" that Gaines faced during childhood, his "significant strengths" and "his recognition of the extreme consequences of his bad judgment," the fact that he was "not a shooter that day" despite his "extensive[]" involvement in "every stage of the courthouse shooting plans and execution," and that his prior convictions "while not manifesting violence, manifest a continuum of arrests, incarcerative sentences, parole[] absconding and other violations." App'x at 150-53. *See Broxmeyer*, 699 F.3d at 289 ("The particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing judge." (internal quotation marks omitted)).

Finally, although the district court was not required to consider disparities in sentences among co-defendants, *United States v. Wills*, 476 F.3d 103, 110 (2d Cir. 2007), *abrogated on other grounds by United States v. Cavera*, 550 F.3d 180 (2d Cir. 2008), the district court did note that the government's proposed sentence would both "exceed[] what is necessary to achieve the goals of sentencing and would create unwarranted disparities among the co-defendants." App'x at 152-53.

Thus, Gaines's 190-month sentence was not substantively unreasonable. It was not "so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing [it] to stand would damage the administration of justice." *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020) (cleaned up).

\* \* \*

We have considered the remainder of Gaines's arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court