22-1823-cr
United States v. Booth

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand twenty-four.

PRESENT:  GUIDO CALABRESI,
             RAYMOND J. LOHIER, JR.,
             SARAH A. L. MERRIAM,
                  *Circuit Judges.*
------------------------------------------------------------------
UNITED STATES OF AMERICA,

     *Appellee*,

    v.                                                    No. 22-1823-cr

ROBERT LENARD BOOTH, AKA SEALED
DEFENDANT, AKA TREVOR NICHOLAS,

     *Defendant-Appellant.*\*

------------------------------------------------------------------

---

\* The Clerk of Court is directed to amend the caption as set forth above.

FOR DEFENDANT-APPELLANT:    AARON M. RUBIN, New York, NY

FOR APPELLEE:    JANE Y. CHONG, Assistant United States Attorney (Andrew Jones, Hagan Scotten, Assistant United States Attorneys, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Robert Lenard Booth appeals from a judgment entered on August 17, 2022 by the United States District Court for the Southern District of New York (Rakoff, *J.*), after a jury trial, convicting Booth of three counts of conspiring to commit securities fraud, wire fraud, and money laundering in violation of 18 U.S.C. §§ 371, 1349, and 1956(h).   We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

## I. Sufficiency of the Evidence for Venue

Booth claims that the evidence was insufficient to support the jury's finding that venue existed in the Southern District of New York ("SDNY"). "[V]enue need be proved only by a preponderance of the evidence." *United States v. Davis*, 689 F.3d 179, 185 (2d Cir. 2012). We review his challenge "*de novo*, considering the evidence in the light most favorable to the government." *Id.* "Where, as here, a defendant is charged with multiple crimes in a single indictment, the government must satisfy venue with respect to each charge." *Id.*

At trial, the Government asserted that venue was proper as to all three counts on the basis that funds were wired from victims' bank accounts through so-called correspondent banks, based in Manhattan, on their way to Booth's accounts overseas. On appeal, Booth assumes that such wire transfers can provide a basis for venue in the SDNY as to all counts.[1] Appellant's Br. 15 & n.3 (citing *United States v. Ho*, 984 F.3d 191, 205 (2d Cir. 2020)). He argues, however,

---

[1] Booth does not contend that the transfer of funds through Manhattan banks was insufficient to constitute an overt act in furtherance of the conspiracy, nor that such transfer was not foreseeable to him, so we do not consider those issues. *See United States v. Svoboda*, 347 F.3d 471, 483 (2d Cir. 2003). We limit our review to the subject of Booth's challenge: the sufficiency and admissibility of the venue evidence. *See Carvajal v. Artus*, 633 F.3d 95, 110 (2d Cir. 2011) ("Venue, unlike jurisdiction proper, is subject to waiver.").

that the Government's evidence at trial was neither admissible nor sufficient for the jury to infer that money from Booth's victims actually passed through Manhattan banks. Booth's admissibility arguments are meritless. The electronic spreadsheets of raw wire transfer data for Booth's accounts were properly admitted under the business records exception to the rule against hearsay, *see Potamkin Cadillac Corp. v. B.R.I. Coverage Corp.*, 38 F.3d 627, 632 (2d Cir. 1994), and were not testimonial statements admitted in violation of the Confrontation Clause, *see Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 324 (2009); *United States v. Feliz*, 467 F.3d 227, 234–35 (2d Cir. 2006). Booth's sufficiency challenge fares no better. Booth argues that the Government's summary witness lacked the expertise or personal knowledge to explain the contents of the spreadsheets and the mechanics of correspondent banking to the jury. We disagree. The records underlying the spreadsheets, which the government's witness summarized, show that banks in Manhattan served as credit and debit parties for money flowing from Booth's victims to accounts used in the scheme. Based on the data in the summary spreadsheets alone, a rational jury could have drawn the "reasonable inference[] or conclusion[,]" *United States v. Casamento*, 887 F.2d 1141, 1156 (2d Cir. 1989), that money involved in the scheme passed

4

through banks in Manhattan, *see Ho*, 984 F.3d at 205.   We therefore reject Booth's

challenge to his conviction based on lack of venue in the SDNY.[2]

## II.    Government's Summation

Booth next argues that the Government's remarks during summation

warranted a mistrial because the Government improperly (1) referred to

evidence to be presented by a co-defendant, Jerome Austin, who was set to but

ultimately did not testify as a Government witness; (2) suggested that Booth held

a leadership role in the scheme; and (3) referred to Booth by an alias that he did

not use.

"[T]he Government has broad latitude in the inferences it may reasonably

suggest to the jury during summation."   *United States v. Coplan*, 703 F.3d 46, 87

(2d Cir. 2012) (quotation marks omitted).   "[A] defendant asserting that a

prosecutor's remarks warrant a new trial faces a heavy burden, because the

misconduct alleged must be so severe and significant as to result in the denial of

---

[2] Booth also claims that the District Court erred in denying his request for a special verdict form requiring the jury to make a finding on venue.   We disagree.   The District Court did not abuse its "broad discretion" in this area.   *United States v. Applins*, 637 F.3d 59, 82 (2d Cir. 2011) (quoting *United States v. Ogando*, 968 F.2d 146, 149 (2d Cir. 1992)).

his right to a fair trial." *Id.* at 86 (quotation marks omitted).

Bearing these principles in mind, we see no error in the District Court's decision to reject Booth's claims of prosecutorial misconduct and his request for a new trial. While the Government referred to Austin's anticipated testimony in its opening statement to the jury, it stopped referring to that testimony after withdrawing him as a potential witness. The trial evidence also supported the inferences urged by the Government about Booth's leadership role and his use of aliases, even without Austin's expected testimony.[3]

### III. Sentencing Challenge

Finally, Booth challenges his sentence. "We review a sentence for procedural and substantive reasonableness under a deferential abuse-of-discretion standard." *United States v. Singh*, 877 F.3d 107, 115 (2d Cir. 2017) (quotation marks omitted). Booth's sole argument on appeal is that his 120-month sentence was disproportionately severe in comparison to Austin's 60-

---

[3] Booth further claims he was unfairly prejudiced by the Government's references in summation to an alternative theory for finding venue in the SDNY: the conspirators' "stealing the identity" of Manhattan banks and brokerages in executing the scheme. Appellant's Br. 20. Any prejudice was mitigated by the District Court's prompt instruction that proof of venue was limited to the Government's evidence of money transferred through banks in Manhattan. *See United States v. Snype*, 441 F.3d 119, 129–30 (2d Cir. 2006).

month sentence.   Booth's argument is without merit.

With respect to procedural reasonableness, Booth's argument "is a nonstarter" because we have "repeatedly made clear that section 3553(a)(6) requires a district court to consider *nationwide* sentence disparities, but does not require a district court to consider disparities between co-defendants."   *United States v. Bryant*, 976 F.3d 165, 180 (2d Cir. 2020) (quotation marks omitted). "Given that there is no requirement to consider a disparity with a co-defendant's sentence, there is certainly no procedural error in failing to explain it."   *Id.*

We will find a sentence substantively unreasonable only if it is "shockingly high, shockingly low, or otherwise unsupportable as a matter of law."   *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (quotation marks omitted). Booth's sentence was 68 months below the bottom of the applicable Guidelines range, and was not "shockingly high," *see id.*; *United States v. Perez-Frias*, 636 F.3d 39, 43 (2d Cir. 2011), particularly when we consider his culpability in the scheme compared to other defendants, as demonstrated by his leadership role and relative share of the criminal proceeds.   *See United States v. Ebbers*, 458 F.3d 110, 129 (2d Cir. 2006).

Accordingly, we reject Booth's challenges to his sentence.

**CONCLUSION**

We have considered Booth's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court