United States v. Smith

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of June, two thousand twenty-four.

PRESENT:    Reena Raggi,
            Steven J. Menashi,
            Alison J. Nathan,

            *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

     *Appellee,*

   v.                                                  No. 22-1927-cr

MICHAEL SMITH,

*Defendant-Appellant.*[*]

_____

_____

[*] The Clerk of Court is directed to amend the caption as set forth above.

*For Appellee*:

JOHN T. PIERPONT, JR., Assistant United States Attorney (Sandra S. Glover, Assistant United States Attorney, *on the brief*), *for* Vanessa Roberts Avery, United States Attorney for the District of Connecticut, New Haven, CT.

*For Defendant-Appellant*:

JAY S. OVSIOVITCH, Federal Public Defender's Office, Western District of New York, Rochester, NY.

Appeal from a judgment of the United States District Court for the District of Connecticut (Shea, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court of August 29, 2022, is **AFFIRMED**.

On April 15, 2021, Defendant-Appellant Michael Smith pleaded guilty to conspiracy to distribute and to possess with intent to distribute 100 grams or more of heroin and a detectable amount of cocaine base in violation of 21 U.S.C. § 846, § 841(a), and § 841(b)(1)(B)(i) and (C); conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h); and possession of a firearm in furtherance of a narcotics trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(i). As part of its investigation into Smith's criminal conduct, the Drug Enforcement Administration obtained authorizations to intercept Smith's telephone communications. During intercepted calls, Smith described shooting at a rival drug dealer and then making threats against his victim after discovering that the victim had not been killed.

In Smith's written plea agreement, the parties calculated Smith's sentencing guidelines range to be 144-165 months, with a mandatory minimum sentence of 120 months. The Probation Office prepared a pre-sentence report ("PSR") that

proposed a higher guidelines range of 170-197 months based on, among other reasons, a higher criminal history category than the parties had calculated. At the sentencing hearing on August 26, 2022, the district court accepted the PSR's guidelines calculation and also accepted the PSR's factual statements without objection. The district court sentenced Smith to a below-guidelines sentence of 156 months of imprisonment, four years of supervised release, and a special assessment of $300.

In explaining its sentence, the district court considered all of the § 3553(a) factors. The district court placed particular emphasis on the seriousness of Smith's conduct and expressed its view that "there's really little doubt … that the Government could have proven the intent required for attempted murder in this case." App'x 129-30. The district court agreed with Smith that it should discount Smith's earlier convictions that the PSR—but not the plea agreement—had included in its guidelines calculation. Nonetheless, the district court characterized its sentence as "not a guidelines sentence" because it was "below the guidelines range." *Id.* at 138.

Smith now challenges the sentence as substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

## I

In the sentencing context, "[w]e review the work of district courts under a deferential abuse-of-discretion standard" that "encompasses two components: procedural review and substantive review." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (internal quotation marks omitted). This review is not a "rubber stamp," *United States v. Rigas*, 583 F.3d 108, 122 (2d Cir. 2009), but it is "particularly deferential," *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012). We will conclude that a district court has abused its discretion only when it "(1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *United States v. Zhong*, 26 F.4th 536, 551 (2d Cir. 2022)

(quoting *Warren v. Pataki*, 823 F.3d 125, 137 (2d Cir. 2016)). A sentence meets this third prong and is substantively unreasonable when it is "so 'shockingly high, shockingly low, or otherwise unsupportable as a matter of law' that allowing [it] to stand would 'damage the administration of justice.'" *Broxmeyer*, 699 F.3d at 289 (quoting *Rigas*, 583 F.3d at 123). "The measure of what is conscience-shocking is no calibrated yard stick." *United States v. Saleh*, 946 F.3d 97, 107 (2d Cir. 2019) (alteration omitted) (quoting *United States v. Aldeen*, 792 F.3d 247, 255 (2d Cir. 2015)). In evaluating the substantive reasonableness of a sentence, "we use as our lodestar the parsimony clause of 18 U.S.C. § 3553(a), which directs sentencing courts to impose a sentence sufficient, but not greater than necessary, to comply with the factors set out in 18 U.S.C. § 3553(a)(2)—namely, retribution, deterrence, and incapacitation." *United States v. Park*, 758 F.3d 193, 200 (2d Cir. 2014) (internal quotation marks, alteration, and footnote omitted).

"As part of [this court's] substantive reasonableness inquiry, we also look to the District Court's own explanation at the sentencing hearing." *Id.* at 201. Even if we disagree with some of the district court's reasoning, we will uphold a district court's sentence as long as there is at least one "independently sufficient justification for its variation from the Guidelines." *Cavera*, 550 F.3d at 196. This court does not "substitute [its] own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case," *id.* at 189, and "[t]he particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing judge," *Broxmeyer*, 699 F.3d at 289 (internal quotation marks omitted).

"In the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Bryant*, 976 F.3d 165, 181 (2d Cir. 2020) (alteration omitted) (quoting *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007)). It is especially "difficult to find that a below-Guidelines sentence is unreasonable" for being too high. *United States v. Gates*, 84 F.4th 496, 505 (2d Cir. 2023) (quoting *United States v. Perez-Frias*, 636 F.3d 39, 43 (2d Cir. 2011)).

## II

Because his sentence was below the guidelines range, Smith must identify some extraordinary aspect of the sentence for it to qualify as substantively unreasonable. He has not done so. His sentence fell "within the range of permissible decisions," *Zhong*, 26 F.4th at 551, and was not "shockingly high … or otherwise unsupportable as a matter of law," *Broxmeyer*, 699 F.3d at 289. Smith was sentenced to 156 months, which was above the statutory minimum of 120 months but below the guidelines range of 170-197 months and in the middle of the guidelines range of 144-165 months that the parties recommended in the plea agreement.

Smith's arguments generally misunderstand the deferential standard under which we review sentences. He focuses on the claim that his "sentence is greater than necessary to meet the purposes of sentencing" because it "was not the least severe sentence that would serve the purposes of sentencing." Appellant's Br. 13-14. In Smith's view, "[a] 120-month sentence would serve the requirements of § 3553(a)" because it would be sufficiently severe. *Id.* at 15. This argument relies on a disagreement with how the district court weighed the factors, but we do not "substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case." *Cavera*, 550 F.3d at 189. In reaching its sentence, the district court considered the parsimony clause, and we see no reason why the district court's view that its sentence was "sufficient, but not greater than necessary, to comply with … retribution, deterrence, and incapacitation," *Park*, 758 F.3d at 200 (internal quotation marks and alteration omitted), was unreasonable. The parsimony clause does not require a district court to impose the statutory mandatory minimum sentence.

Smith is no doubt correct that "[t]en years in prison is a serious sentence" and that "a 120-month sentence would be significantly longer than any previous sentence he received." Appellant's Br. 15-16. But the district court reasonably concluded that a serious sentence was warranted in light of the gravity of Smith's conduct, which included an attempted murder, and after "walk[ing] through" the

§ 3553(a) factors. Sentencing Tr., App'x 128. Smith has not shown that his below-guidelines sentence was shockingly high.

*   *   *

We have considered Smith's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court