*United States v. Spearman*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of November, two thousand twenty-five.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> REENA RAGGI,
> MICHAEL H. PARK,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                               24-469

JASHON SPEARMAN, AKA J., AKA Deuce,

*Defendant-Appellant.*[*]

---

For Appellee:                      Kenneth L. Gresham, Conor M. Reardon, Assistant United States Attorneys, *for* David X. Sullivan, United States Attorney for the District of Connecticut, New Haven, CT.

For Defendant-Appellant:           Daniel M. Perez, Newton, NJ.

---

[*] The Clerk is respectfully directed to amend the caption.

1

Appeal from a judgment of the District of Connecticut (Nagala, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Jashon Spearman ("Spearman") appeals from the district court's amended judgment, entered on February 8, 2024, sentencing him to 144 months' imprisonment on one count of conspiracy to possess with intent to distribute 40 grams or more of fentanyl, five kilograms or more of cocaine, and cocaine base and heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(ii), 841(b)(1)(B)(vi), 841(b)(1)(C). The offense involved approximately 20 kilograms of cocaine and more than 7,000 bags (208 grams) of fentanyl. The Government also seized over $780,000 and five firearms, which the district court found were related to the offense. Based on the entire offense conduct, the district court calculated a Sentencing Guidelines range of 188 to 235 months' imprisonment.

Spearman argues that his below-Guidelines sentence of 144 months' imprisonment is substantively unreasonable. We disagree. Spearman's 12-year sentence, far from being "shockingly high," *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009), was well within the range of reasonable sentences available to the district court. We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.

\* \* \*

We review the substantive reasonableness of a criminal sentence for abuse of discretion. *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*). This is a highly deferential standard, and we vacate a sentence as substantively unreasonable only when it "would . . . damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *Rigas*, 583 F.3d at 123. While we do not

2

presume that a sentence within the Guidelines range is substantively reasonable, "[i]t is . . . difficult to find that a below-Guidelines sentence," when challenged by a defendant, "is unreasonable" under our precedent. *United States v. Perez-Frias*, 636 F.3d 39, 43 (2d Cir. 2011).

As an initial matter, we note that Spearman's sentence, on its face, is not "shockingly high." Spearman's crime carried a maximum sentence of life and a minimum sentence of 10 years' imprisonment. App'x at 28. As Spearman acknowledges, his sentence was only "two years more than the minimum." Spearman Br. at 31. That is "well short of the statutory maximum" that Congress prescribed for this offense. *United States v. Aumais*, 656 F.3d 147, 157 (2d Cir. 2011). And here, as the district court noted, the scale of Spearman's drug trafficking was "staggering." App'x at 144. When the Government arrested Spearman and a co-conspirator, they had 208 grams of fentanyl, and agents later seized another 46 grams of fentanyl from one of his cars. The district court properly observed at the sentencing hearing that "[f]entanyl as we all know is incredibly lethal." *Id.* at 145. Just two milligrams of fentanyl is a potentially lethal dose, meaning that this amount of fentanyl was enough to kill up to 127,000 people. *See Fake Pills Fact Sheet*, DRUG ENF'T ADMIN. (2024), https://www.dea.gov/sites/default/files/2024-11/DEA-OPCK_FactSheet_November_2024.pdf. And this fentanyl was not sitting on a shelf; Spearman and his co-conspirators were trafficking deadly doses packaged into more than 7,000 individual bags.

Spearman raises three grounds for finding his sentence substantively unreasonable: comparative sentencing data, preexisting health conditions, and family medical history. We address each in turn but find none convincing. First, he cites sentencing data showing that the average length of imprisonment imposed was 123 months for defendants with a similar offense level and criminal history category and where "powder cocaine was the primary drug type."

Spearman Br. at 29. We have explained that "a reviewing court's concern about unwarranted disparities is at a minimum when a sentence is within the Guidelines range" because the Guidelines range itself reflects the Sentencing Commission's efforts to avoid unwarranted disparities. *United States v. Irving*, 554 F.3d 64, 76 (2d Cir. 2009) (citation omitted). Moreover, Spearman's statistical evidence provides little insight into sentencing disparities because he has not shown that the other defendants committed offenses of similar severity. *See id.* And as the district court noted at the sentencing hearing, "the scope of this drug trafficking organization . . . was staggering. It is one of the largest quantities of drugs that I've been involved with as a judge . . . ." App'x at 144. The district court also accounted for the type of drugs involved, observing that "anybody who traffics Fentanyl is doing so with reckless disregard for human life," which "makes this a degree worse." *Id.* at 145.

Second, Spearman notes the difficulties that he will face in receiving optimal medical care for the pain he suffers after having been shot twice. Access to necessary medical care is one sentencing factor that a district court must weigh, but it is only one of many. *See* 18 U.S.C. § 3553(a). Finally, Spearman argues that his life expectancy is shorter because his father died of cancer at the age of 48 and because of environmental factors in Spearman's childhood living environment. The district court's decision to impose a sentence significantly below the Guidelines range, despite the severity of Spearman's crime, reflected its evaluation of these factors, including Spearman's childhood "in the Church Street housing projects," which the court said was undisputedly "a difficult place to grow up." App'x at 145. It declined to make a link between mold and rodents and a likelihood of future cancer and brain damage "absent some scientific evidence." *Id.* Spearman has not persuaded us to second guess these conclusions, and

4

we do not "reweigh the relevant factors" that the district court considered in imposing its sentence. *United States v. Albarran*, 943 F.3d 106, 116 (2d Cir. 2019).

*       *       *

We have considered Spearman's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk